A97A1760. DECKER v. THE STATE.
(498 SE2d 789)

RUFFIN, Judge.

A jury found John Decker guilty of entering an automobile in violation of OCGA § 16-8-18. After the trial court denied Decker's motion for new trial, he appealed, asserting as error the exclusion of evidence and the failure to charge the jury on corroboration. We affirm for reasons which follow.

Viewed in a light most favorable to support the verdict, the

evidence shows that on June 19, 1994, Steven Williams, a City of Canton police officer, stopped and arrested the driver of a Pontiac Sunbird. Michael Jenkins, another Canton officer, assisted Williams in performing an inventory search of the Sunbird. Among the items found in the trunk of the car was a Sega Genesis game machine. Although Jenkins notified the police department radio dispatcher that he found a Sega Genesis machine in the car and gave the dispatcher the serial number to the machine, he failed to list the machine on the inventory report. After finishing the inventory the officers waited for the arrival of a wrecker to tow the Sunbird to an impound yard. Decker, who was employed at the time by R&R Wrecker Service ("R&R") located in Canton, Georgia, arrived to tow the car to the R&R impound lot. According to Officer Jenkins, he never advised Decker that there were any valuables in the trunk of the car that needed to be secured.

Decker stated that he was present during the search of the trunk and that he saw the Sega Genesis, which the officers left in the trunk. After receiving a copy of the inventory report that Jenkins completed, Decker towed the Sunbird to the R&R lot, which is surrounded by a barbed wire fence and a locked gate. Decker said that he attempted to secure the car, but that the door and trunk locks had been removed. The officers testified at trial, however, that the locks were functional. According to Decker, the next day a young man asked him about the Sunbird. An hour later the man came back with two other men and again inquired about the car. Decker told them that he could not release the Sunbird without authorization from the Canton Police Department. According to Decker, he noticed the men repeatedly drive by later that day and decided to remove the Sega Genesis and other valuables from the car. He placed the Sega Genesis and other items on the floor of the R&R office. Decker testified that later, his children, who frequented the R&R office, advised him that they had played the Sega Genesis with Jason Ray, the 16-year-old son of James Ray, the owner of R&R.

Jason Ray testified at trial, noting that he and Decker worked at the R&R office in Canton. According to Ray, he returned to work the day after Decker towed the Sunbird to the lot. When he came into work, he saw the Sega Genesis system already hooked up to the office's television. Ray testified that Decker told him that he purchased the machine for his children and that his children had hooked it up in the office. Ray later released the Sunbird to a young man who had obtained the proper authorization from the police department. The man came back later, however, to complain that the Sega Genesis and tapes that went with the machine were missing from the car. Ray checked the inventory report completed by Officer Jenkins and did not see the machine listed. Subsequently, the police investigated

the incident and found that the Sega Genesis machine in use at the R&R office was the same machine from the trunk of the Sunbird. Ray testified that R&R does not have a policy of securing valuables from impounded cars.

Police officers questioned Decker about the Sega Genesis game. In a taped statement to the officers, Decker recalled towing the Sunbird, but initially denied having any knowledge about the game. After being confronted by the officers with the fact that the game in the R&R office was the same one missing from the trunk of the Sunbird, Decker stated "I'll be honest, I got it out and borrowed it, while it was there. But my intentions were to return it to the case, and I did not return it. . . ." Decker subsequently denied telling Ray that he had purchased the Sega Genesis.

During the trial, Decker sought to introduce the City of Canton ordinance and the Cherokee County Code which addressed the responsibilities of vehicles for hire, including tow trucks working for wrecker services. The trial court admitted the Canton ordinance, since R&R wrecker service operated in the City of Canton and Decker towed the Sunbird from a location within the city at the request of Canton police. However, the trial court refused to admit the Cherokee County Code because the county attorney testified that the code would not apply to vehicles for hire or companies who contract with the City of Canton to tow vehicles for the Canton Police Department. The trial court agreed with the prosecution that this was a City of Canton matter and that the Cherokee County Code was irrelevant.

The trial court also prohibited Decker from introducing any evidence that drugs were found in the Sunbird by the Canton police prior to its impound. The trial court concluded that the evidence of why the arrest and impound were necessary was not relevant. Rather, the court found that the only relevant evidence was that the Sunbird was impounded.

After the jury began deliberations, it asked and received from the trial court permission to hear Decker's taped statement to the police officers. Prior to playing the statement, Decker orally requested a jury charge on corroboration, which the trial court denied. The jury subsequently found Decker guilty of entering an automobile.

1. In his appeal, Decker asserts that the Cherokee County Code and the evidence that drugs were found in the car were relevant to show his reasons for removing the Sega Genesis from the car. He argues that the trial court's rejection of this evidence was reversible error. We disagree.

"As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts

will not disturb the exercise of that discretion absent evidence of its abuse. [Cit.]" *Harmon v. State*, 224 Ga. App. 890, 892 (2) (482 SE2d 730) (1997). We note, however, " ' "the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value." ' [Cits.]" *Snelling v. State*, 215 Ga. App. 263, 265 (1) (b) (450 SE2d 299) (1994). Further, "[a]ny evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." (Citations and punctuation omitted.) Id.

As the testimony was undisputed that the Cherokee County Code did not apply to Decker's impounding of the Sunbird at the request of Canton police, the trial court properly excluded this evidence as irrelevant. It in no way tended to prove or disprove a material fact at issue. *Snelling*, supra.

Additionally, the fact that police found a burnt marijuana cigarette in the Sunbird during the arrest had no bearing on whether Decker entered the automobile with the intent to steal the Sega Genesis. Accordingly, the trial court did not abuse its discretion in excluding any mention of this evidence, given the absence of any connection between that evidence and Decker's actions. *Snelling*, supra.

2. Decker also asserts that the trial court erred in failing to give an additional jury charge on corroboration after the jury listened to his taped statement during deliberations.

"As a general rule, the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. [Cit.]" (Punctuation omitted.) *Miller v. State*, 221 Ga. App. 718, 719 (1) (472 SE2d 697) (1996).

In this case, there was evidence apart from Decker's statement on which the jury could have relied in finding him guilty of the offense charged. Accordingly, the trial court was not required to charge the jury that an uncorroborated confession could not by itself warrant a conviction. See *Carswell v. State*, 179 Ga. App. 56, 59 (345 SE2d 66) (1986). Rather, it was in the discretion of the trial court to charge this issue, and its refusal to give the charge was not an abuse of the court's discretion. See id. at 60.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 16, 1998.

*Jason R. Hasty*, for appellant.

*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.