## A02A1670. FREEMAN v. THE STATE.
(570 SE2d 414)

BLACKBURN, Chief Judge.

Following a jury trial, Robert Freeman appeals his conviction of theft by receiving a stolen truck and possession of a firearm by a convicted felon. Freeman contends that the trial court erred in admitting similar transaction evidence of a prior car theft. For the reasons set forth below, we affirm.

Construed in a light most favorable to the verdict, the record shows that, on September 21, 1999, a 1995 red Dodge Ram pickup truck was stolen from a gas station as the owner entered the station to pay for his gas. The keys were on the truck seat. The following day, a police officer in west Atlanta responded to a call concerning a red Ram pickup from which stolen cigarettes were being sold. Upon the officer's approaching the truck, Freeman drove away, accelerating to a very high speed and ignoring traffic signals until he crashed into a tree. The officer observed Freeman drop a loaded brown handgun as he exited the truck. Freeman was apprehended after a foot chase.

---

[8] *Turner v. State*, 233 Ga. App. 413, 414 (1) (a) (504 SE2d 229) (1998).

The truck's tag matched the vehicle stolen at the gas station. Freeman was indicted and tried on the above counts.

A bifurcated trial was conducted after a hearing on the admissibility of similar transaction evidence under Uniform Superior Court Rule 31.1. The trial court admitted similar transaction testimony about Freeman's theft of a 1985 Cadillac Eldorado from an apartment building in Atlanta on February 16, 1999. The jury was instructed as to the limited purpose of the evidence.

Thereafter, on March 11, 1999, officers working a roadblock checking licenses and insurance in east Atlanta observed the Cadillac approach the roadblock, and they motioned for it to come forward. After stopping a distance away from the roadblock, the driver turned around and drove away. Officers pursued the car and observed Freeman pull over and exit the car. The police apprehended Freeman as he was walking away from the Cadillac.

"The decision to admit prior similar transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Avery v. State.*[1] Before similar transaction evidence is admitted, the State must generally show three things.

> First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; and third, the State must demonstrate a sufficient connection [or] similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

*Dunbar v. State.*[2]

Freeman limits his argument on the similar transaction to his contention that the theft of the Cadillac was not sufficiently similar to the theft of the Dodge Ram pickup, and, therefore, it should have been excluded as being more prejudicial than probative. We disagree.

Although Freeman points to a number of differences between the two thefts, our Supreme Court has held that "[t]he proper focus is on the similarity, not the differences, between the separate crime[ ] and the crime in question." *Wayne v. State.*[3] In both instances, Freeman was driving a stolen car, he was apprehended in the City of Atlanta,

---

[1] *Avery v. State*, 244 Ga. App. 177, 179 (1) (534 SE2d 897) (2000).

[2] *Dunbar v. State*, 228 Ga. App. 104, 107-108 (2) (491 SE2d 166) (1997).

[3] *Wayne v. State*, 269 Ga. 36, 39 (3) (495 SE2d 34) (1998).

and he avoided confrontation with the police by fleeing both in the vehicle and on foot. The events happened within six months of each other. Given these similarities, the trial court did not abuse its discretion in admitting the evidence. Freeman does not argue his conviction of possession of a firearm by a convicted felon, and we will consider same as having been abandoned.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED AUGUST 21, 2002.

Carl P. Greenberg, for appellant.
Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Brett E. Pinion, Assistant District Attorneys, for appellee.