## A07A0551. ROGERS v. THE STATE.
(646 SE2d 751)

MILLER, Judge.

Following a jury trial, Todd Jefferson Rogers was convicted of a single count of burglary. Rogers appeals from the denial of his motion for a new trial, alleging that he received ineffective assistance of counsel and that the trial court erred in admitting similar transaction evidence. Discerning no error, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. Id.; *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

So viewed, the evidence shows that on or before March 1, 2004 two sets of golf clubs and a chainsaw were stolen from a garage in Monroe County. After officers with the Monroe County Sheriff's Department learned that Rogers had pawned these items at two different pawn shops, they obtained a warrant for his arrest and executed the same. Brad Christensen, the investigating officer, first attempted to interview Rogers shortly after his arrest. Christensen stopped the interview when Rogers invoked his right to counsel.

Trial counsel was subsequently appointed to represent Rogers. When he met with trial counsel, Rogers told him that he was innocent of the burglary with which he was charged. Trial counsel then advised Rogers that if he had any information regarding the case he should talk to Christensen. The attorney later contacted Christensen and told him that Rogers wanted to talk to him about the case, and he gave the officer permission to question Rogers in his absence.

Christensen thereafter interviewed Rogers a second time. Before doing so, Christensen again advised Rogers of his *Miranda* rights, including the right to have an attorney present during the interview. He then had Rogers read and initial a form waiving his *Miranda* rights. In the interview that followed, Rogers told Christensen that he had pawned the stolen items for an individual he worked with, known as "Santana" (later identified as Ronnie Wilson), because that person had no legal identification.[1] In response to a specific question

---

[1] State law requires that any individual pawning items produce a photo identification, and that pawn shops keep a record of the same. See OCGA § 44-12-132.

from Christensen, Rogers stated that he had pawned all of the stolen items at a single pawn shop.

1. Rogers claims that trial counsel provided ineffective assistance by: (1) advising him to cooperate in a second police interview without counsel being present; and (2) failing to object to hearsay evidence that undermined Rogers' theory of defense.

"To prevail on a claim of ineffective assistance of trial counsel, [a defendant] bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency." *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004). Prejudice is shown by demonstrating "that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel." (Citations omitted.) *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004). "There is a strong presumption that trial counsel provided effective representation, and we will not find ineffectiveness if trial counsel's strategy and trial tactics were reasonable at the time." *Welbon*, supra, 278 Ga. at 313 (2).

(a) In response to Rogers' claim that trial counsel's advice and conduct with respect to his police interview constituted ineffective assistance of counsel, the State argues that, at the time of that interview, Rogers had not yet been formally charged with a crime and therefore his Sixth Amendment right to counsel had not attached. Pretermitting the question of whether Rogers' right to counsel had attached, and assuming arguendo that his attorney's advice and conduct constituted ineffective assistance, we find that Rogers was not prejudiced by the same.

Rogers asserts that he suffered prejudice as a result of the police interview, because he incriminated himself by stating that he had pawned all of the stolen items at a single pawn shop, unaware that the police had evidence showing he had used two different pawn shops. Given that Rogers' defense was premised on his admission that he had pawned the stolen items, however, we fail to see how this portion of his statement can be viewed as inculpatory.

Moreover, prior to their interview of Rogers, the police had already obtained significant and convincing evidence identifying Rogers as the individual who had pawned the stolen items. Thus, even absent the interview and the alleged inculpatory statement, the State would have been able to present sufficient evidence to support that portion of its case.

(b) Rogers further asserts that trial counsel was ineffective because he failed to object to hearsay testimony regarding an alibi for Ronnie Wilson, a/k/a Santana, at the time the items were pawned. Specifically, trial counsel failed to object when, on direct examination, Christensen testified that Wilson's foreman had told him that Wilson started work at 7:30 on the morning of March 1, and had been paid for

9.5 hours, thus implying that Wilson was at work during the time the items were pawned. Christensen further testified that Wilson's employer had sent him "business documents" verifying this fact. Rogers argues that this testimony only served to bolster Wilson's trial testimony, in which he claimed that he was working at the time the items were pawned. Again, we find that any failure to object to this testimony did not result in prejudice to Rogers.

At the motion hearing, trial counsel testified that the defense never contended that Wilson did not work the day the items were pawned. Rather, it was the defense position that Wilson was not supervised the entire time he was at work, and could have left and pawned the items on his lunch hour. On cross-examination, trial counsel elicited testimony from Christensen that he did not know whether Wilson was supervised the entire time he was at work. As a result, Rogers was not prejudiced by trial counsel's failure to object to the hearsay evidence.

2. At trial, the State introduced similar transaction evidence regarding a bicycle stolen in 2003 that had later been pawned by Rogers. Rogers asserts that the admission of this evidence was error. We disagree.

"As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse." (Citation and punctuation omitted.) *Decker v. State*, 231 Ga. App. 219, 221 (1) (498 SE2d 789) (1998).

Rogers' claim of error is premised on the fact that he was neither charged with nor convicted of any crime in connection with his pawning of the stolen bicycle. There is no requirement, however, that a similar transaction result in a conviction before evidence of the same is admissible. *Johnson v. State*, 280 Ga. App. 341, 345 (4) (634 SE2d 134) (2006). Rather, to render evidence of independent acts or offenses admissible, the State must show that: "(1) the evidence will be admitted for a proper purpose; (2) sufficient evidence establishes that the defendant committed the independent act; and (3) sufficient connection or similarity exists between the independent offense and the crime charged, so that proof of the former tends to prove the latter. [Cit.]" *Ellis v. State*, 282 Ga. App. 17, 24 (3) (c) (637 SE2d 729) (2006).

Here, the State satisfied each of the foregoing requirements. Specifically, the State introduced the testimony of Preston Baggett, who testified that his bicycle was stolen from his carport in November 2003. Baggett identified his bicycle as one recovered approximately four weeks later from a pawn shop near his house. The pawn shop owner identified Rogers as the man who sold him the bicycle. The receipt from the pawn shop identifying Rogers as the seller of the

bicycle was also admitted into evidence. In light of the State's proffer, the admission of the similar transaction was not error.

For the reasons set forth above, we affirm the judgment of Rogers' conviction.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 25, 2007 — 

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.

*Richard G. Milam, District Attorney, Jason S. Johnston, Assistant District Attorney*, for appellee.

*Sarah Gerwig-Moore*, amicus curiae.