## A07A1655. GRANT v. THE STATE.
### (656 SE2d 873)

MILLER, Judge.

Following a jury trial, Ulysses Benjamin Grant was convicted of three counts of robbery by intimidation or force, two counts of armed robbery, and two counts of aggravated assault. Grant now appeals from the denial of his motion for a new trial, asserting error by the trial court: (i) in denying his motion to sever; (ii) in limiting his cross-examination of a prosecution witness; (iii) in denying his motions for a directed verdict on certain counts of the indictment; and (iv) in determining his sentence. Grant further alleges that the evidence was insufficient to support his conviction on certain counts of the indictment, and that he received ineffective assistance of counsel. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, the record shows that at approximately 6:00 a.m. on November 13, 2003, a man leapt over the front desk of a Courtyard by Marriott hotel in Chatham County, where Walter Boston was working as the night auditor. The man told Boston that he was "here for the money" and ordered Boston to lie on the floor. The man robbed both the cash drawers at the front desk and then demanded that Boston give him any money he had. After taking Boston's cash, the man leapt back over the counter and left the hotel. The robbery was witnessed by Diane Smith, an employee of the hotel's restaurant.

That evening, Casaundra Sheppard was working at a Time Saver convenience store in Chatham County when a man poked her in the side with what she believed to be a gun, and ordered her to "go behind the counter and give him all the money." The man accompanied Sheppard behind the counter, took the money out of the cash register when Sheppard opened it, and then left the store. The robbery was witnessed by Sheppard's co-worker, LaToya Gibbons.

The next morning, Kamal Patel was robbed and assaulted while working in a Dollar Depot store in Chatham County. Patel testified that a man entered the Dollar Depot and attempted to open the cash register. When he could not do so, the man demanded that Patel open the cash register and "give him the money." When Patel was unable to open the cash register, the man began beating Patel, first with his fist and then with a screwdriver. After Patel broke the cash register open, the man took the money and left the store.

These crimes were witnessed by Bobby Hopkins, who ran a hot dog stand in the parking lot of Patel's store. Hopkins called 911 on his cell phone, and then followed the perpetrator when he left the Dollar Depot, relaying to the 911 dispatcher the direction in which the robber was moving.

Sergeant James Tuten of the Savannah-Chatham Metropolitan Police Department heard the 911 dispatch and proceeded to the area. From his patrol car, Sergeant Tuten saw Grant, who resembled the description of the suspect given by dispatch. Because of traffic, Sergeant Tuten could not follow Grant, so he rolled down his window and told Grant he wanted to speak with him. In response, Grant ran. Law enforcement thereafter brought in trained police dogs to search for the suspect, and found Grant hiding underneath a house near where Sergeant Tuten had seen him.

After being captured, Grant told the officers "the money is in my pocket," even though the police had not asked him about the robberies. When they searched Grant, officers found $858 in cash in his pockets.

The police returned to the Dollar Depot with Grant, who was identified at the scene by both Patel and Hopkins as the man who had beaten Patel and robbed the Dollar Depot. The police later showed separate photo identification lineups to Boston, Smith, and Sheppard. Boston and Smith each identified Grant as the person who robbed the Marriott, and Sheppard identified Grant as the person who robbed the Time Saver.

Grant was subsequently indicted on three counts of robbery by intimidation or force, two counts of armed robbery, two counts of aggravated assault, and one count of obstructing a law enforcement officer. OCGA §§ 16-8-40; 16-8-41 (a); 16-5-21 (a); 16-10-24 (a).

At trial, Boston and Smith each identified Grant as the man who had robbed the Marriott, Sheppard and Gibbons each identified Grant as the man who had robbed the Time Saver, and Patel and Hopkins each identified Grant as the man who had robbed the Dollar Depot and assaulted Patel.

The jury found Grant guilty of all charges other than obstructing a law enforcement officer. Following the jury's verdict, the trial court merged the charges of robbery by intimidation resulting from the Time Saver and Dollar Depot robberies with the charges of armed robbery arising from each of those incidents.

Grant subsequently filed a motion for a new trial. The trial court denied the same, and this appeal followed.

1. Grant first argues that the trial court erred in denying his motion to sever the Marriott and Time Saver robberies, which occurred on November 13, from the Dollar Depot robbery, which occurred the following morning. We disagree.

On appeal, "[w]e will not disturb the trial court's ruling on a motion to sever unless it resulted from an abuse of discretion." *Daugherty v. State*, 283 Ga. App. 664, 668 (2) (642 SE2d 345) (2007). "Where the evidence of one crime would be admissible as a similar transaction in the trial of the other crime, or where the similarity of

the offenses manifests a pattern, the trial court does not abuse its discretion in denying the motion for severance." (Citation and punctuation omitted.) *Thrasher v. State*, 261 Ga. App. 650, 652 (3) (583 SE2d 504) (2003). A pattern justifying the joinder of offenses for trial exists where several similar offenses are "closely connected by geography, time, and manner so as to constitute a scheme or plan of criminal conduct." (Citation and punctuation omitted.) *Daugherty*, supra, 283 Ga. App. at 668 (2).

The crimes at issue represent such a pattern, in that they each involved the robbery of a cash drawer or register at a business, in that part of Chatham County encompassing Savannah, during a 30-hour period, by a man who entered the business and demanded money. Under these circumstances, the trial court did not err in denying Grant's motion to sever. See *Thrasher*, supra, 261 Ga. App. 650; *Samples v. State*, 217 Ga. App. 509 (1) (460 SE2d 795) (1995).

2. Grant next challenges the trial court's refusal to allow the cross-examination of Detective Paul Paradowski, one of the arresting officers, about information he had obtained from the written reports of other police officers and whether he was aware that Sheppard had provided a description of the perpetrator to other officers.

"As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. [Cit.]" (Punctuation omitted.) *Rogers v. State*, 285 Ga. App. 568, 570 (2) (646 SE2d 751) (2007).

The trial court allowed Paradowski to testify as to the fact that he had read reports written by two other officers, but would not allow him to be cross-examined as to the contents of those reports, finding that such testimony would constitute hearsay. On appeal, Grant alleges that the exclusion of this testimony was error, because he was entitled to question the detective as to how he "gathered information on the Defendant's identification." Specifically, trial counsel wanted to question the detective about the description of the robber given to other officers by Sheppard. The trial court, however, allowed Paradowski to testify that he had read police reports containing a description of the robbery suspect. The trial court prohibited Grant from asking Paradowski about what those descriptions were and who had given the officers those descriptions.

In light of the general rule that police reports do not fall within any exception to the hearsay rule (*Brown v. State*, 274 Ga. 31, 33-34 (549 SE2d 107) (2001)), we find that the trial court's exclusion of this testimony did not constitute an abuse of discretion.

Moreover, assuming arguendo that the trial court erred in refusing to allow the cross-examination of Paradowski as to the contents of the police report, we cannot say that such error prejudiced Grant.

It appears that trial counsel wanted to question Paradowski regarding the information contained in the police report to show that the victims of the Time Saver robbery had given police a description of the perpetrator that did not resemble Grant. Both Sheppard and Gibbons testified at trial, however, and trial counsel questioned each of them regarding the information they had given to police.

3. Grant also contends that the trial court erred in refusing to grant his motion for a directed verdict on the charges of armed robbery as to both the Time Saver and the Dollar Depot, and that the evidence was insufficient to sustain his conviction of either the armed robbery of the Dollar Depot or of the aggravated assault charges stemming from his attack of Patel.

The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard, "we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and punctuation omitted.) *Cloyd v. State*, 237 Ga. App. 608 (1) (516 SE2d 103) (1999).

(a) Grant argues that he was entitled to a directed verdict of acquittal with respect to the Time Saver robbery because there was insufficient evidence from which the jury could infer that he was armed. This argument is not supported by relevant law.

Armed robbery requires that the perpetrator have taken the "property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). A conviction for armed robbery does not require that the victim have actually seen the weapon; rather, "[t]he test is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used." (Citations and punctuation omitted.) *Colkitt v. State*, 251 Ga. App. 749, 751 (1) (555 SE2d 121) (2001). The case may go to the jury so long as the State presents "some evidence from which the presence of a weapon may be inferred." (Citation and punctuation omitted.) Id.

Here, both Sheppard and Gibbons testified that Grant was "poking something in [Sheppard's] side" during the robbery, and Sheppard testified that she believed the object was a gun. This testimony was sufficient to send to the jury the question of whether Grant had committed armed robbery. See *Faulkner v. State*, 260 Ga. App. 794 (581 SE2d 365) (2003) (robbery victim's testimony that defendant pressed a sock covering his hand into her back and "that something in the sock 'felt like . . . a gun' " was sufficient to demonstrate defendant was armed).

(b) Grant makes identical arguments to support both his claim that he was entitled to a directed verdict of acquittal on the robbery charges stemming from the Dollar Depot incident, and his claim that the evidence was insufficient to sustain his conviction on those charges or the charges of assaulting Patel. Specifically, Grant points to the fact that, when identifying him as the robber immediately after the incident, Patel told police that Grant's clothes differed from those worn by the robber. Grant argues that this testimony renders Patel's identification of him as the robber equivocal, and the State therefore lacked sufficient evidence to create a jury question as to whether Grant was the perpetrator. We disagree.

The evidence showed that Patel affirmatively identified Grant as the man who robbed and assaulted him both when the police conducted the showup lineup immediately after Grant's arrest and at trial. Moreover, Patel's statement to the police, that Grant was dressed differently at the time of his arrest than he was at the time of the robbery, was before the jury. It was for the jury, therefore, to weigh that statement in conjunction with the other evidence in determining Grant's guilt. See *Jaber v. State*, 243 Ga. App. 562, 563 (533 SE2d 767) (2000).

Additionally, Grant's argument ignores the fact that Hopkins also positively identified him as the man who robbed the Dollar Depot. In light of the fact that Hopkins witnessed the robbery and followed the perpetrator for some distance immediately following the incident, his testimony on this issue, standing alone, was sufficient to support the jury's finding that Grant robbed the Dollar Depot and assaulted Patel. See *Butler v. State*, 276 Ga. App. 161, 166 (3) (a) (623 SE2d 132) (2005).

4. Grant next asserts that the trial court erred in sentencing him under OCGA § 17-10-7 (b) (2),[1] because in doing so it impermissibly treated his conviction in North Carolina for robbery with a dangerous weapon as the equivalent of a "serious violent felony" under Georgia law. We disagree.

For sentencing purposes, Georgia defines armed robbery as a serious violent felony. OCGA § 17-10-6.1 (a) (2). The record reveals that the crime of robbery with a dangerous weapon would be treated as armed robbery under Georgia law. Specifically, Grant's indictment

---

[1] OCGA § 17-10-7 (b) (2) provides:
Any person who has been convicted of a serious violent felony [as defined in OCGA § 17-10-7 (b) (1)] in this state or who has been convicted under the laws of any other state or of the United States of a crime which if committed in this state would be a serious violent felony and who after such first conviction subsequently commits and is convicted of a serious violent felony for which such person is not sentenced to death shall be sentenced to imprisonment for life without parole.

for and conviction of that crime was based on his use of a handgun to rob an individual of cash. Accordingly, the trial court did not err in sentencing Grant under OCGA § 17-10-7 (b) (2). See *Cordy v. State*, 257 Ga. App. 726, 729 (7) (572 SE2d 73) (2002).

5. Grant also asserts that he received ineffective assistance of counsel, alleging that trial counsel: (i) failed to adequately prepare him for trial; (ii) failed to keep him adequately updated with respect to issues relevant to his defense; and (iii) failed to discuss post-trial motions with him.

> To prevail on a claim of ineffective assistance of trial counsel, a defendant bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency. Prejudice is shown by demonstrating that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel. There is a strong presumption that trial counsel provided effective representation, and we will not find ineffectiveness if trial counsel's strategy and trial tactics were reasonable at the time.

(Citations and punctuation omitted.) *Rogers*, supra, 285 Ga. App. at 569 (1). Grant cannot meet this burden. Assuming arguendo that he could demonstrate that trial counsel's performance was deficient, Grant's brief reveals that he can show no prejudice resulting from such deficiency.

Grant claims that trial counsel's performance prejudiced him because it resulted in counsel's failure to file a written motion to sever; counsel's failure to learn from Grant that there were other witnesses in the Dollar Depot at the time of the robbery who would have helped to establish that Grant did not commit that robbery; and Grant's failure to be adequately prepared for his motion for new trial hearing.

In Division 1, supra, we held that the crimes at issue could be properly joined for trial and that the trial court therefore properly denied trial counsel's oral motion to sever. Grant offers no reason why the outcome of that motion should or would have been different had it been made in writing. Accordingly, counsel's failure to make such a written motion did not prejudice Grant. See *Daugherty*, supra, 283 Ga. App. at 670 (5) (a) ("Failure to pursue a meritless motion cannot constitute ineffective assistance of trial counsel. [Cit.]").

Grant's second claim of prejudice is that had his attorney better prepared him for trial and kept him apprised of the progress of his case, his attorney would have learned that there were other witnesses to the Dollar Depot robbery who could have testified on

Grant's behalf. These witnesses allegedly could have testified that Grant was not the man who robbed and beat Patel. The record, however, is devoid of any evidence that there were any such witnesses. Moreover, Grant failed either to identify these witnesses or to offer their testimony at the motion for new trial hearing. Without such evidence, we cannot say that any failure by trial counsel to question these witnesses or to call them at trial prejudiced Grant. See *Duvall v. State*, 273 Ga. App. 143, 146-147 (3) (e) (614 SE2d 234) (2005).

Finally, Grant claims that trial counsel failed to discuss his new trial motion with him, and that he had therefore been unable to prepare for the same. As a threshold matter, we note that trial counsel did not represent Grant with respect to his new trial motion. It was different counsel who made an initial appearance for Grant in that matter, with Grant's current counsel assuming his representation on May 9, 2005, and representing Grant at the motion hearing on October 31, 2005. More importantly, however, the questions of whether the alleged failure to prepare Grant for his motion for new trial hearing constituted ineffective assistance of counsel and, if so, whether he suffered prejudice as a result, were not presented to or ruled upon by the trial court. Accordingly, we cannot consider these questions on appeal. See, e.g., *Bush v. State*, 273 Ga. 861 (548 SE2d 302) (2001) (Appellate courts are for the correction of errors of law made by the trial courts, and where the trial court has not ruled on an issue, there is no ruling to review for legal error.).

For the reasons set forth above, we affirm the trial court's order denying Grant's motion for a new trial.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 18, 2008.

*Orin L. Alexis*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.