## A08A1097. MARTIN v. THE STATE.
(668 SE2d 549)

ANDREWS, Judge.

Eddie Davis Martin appeals from the judgment entered after a jury convicted him of aggravated sexual battery, aggravated child molestation, and three counts of child molestation. Martin contends that he was denied effective assistance of counsel, that the prosecutor made impermissible comments during closing argument, that the trial court erred in its response to a question from the jury, and that the trial court also erred in allowing the State to introduce similar transaction evidence. After reviewing the record, we conclude there was no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was that Martin began a relationship with the 12-year-old victim after meeting her at a restaurant. Martin was 21 at the time and the victim's father had told him that the victim was only 12 years of age and he should leave her alone.

Nevertheless, Martin began sneaking into the victim's bedroom at night through a window. The victim testified that at first they would just talk, but as the visits went on there was more and more sexual touching. One night the victim became uncomfortable and told Martin to leave. The next time Martin called and asked if he could come over, the victim told him "no." The victim testified that later that night she woke up and Martin was in bed with her and forced her to have sexual intercourse with him. Before Martin left, he told the victim that if she told anyone, he would kill her.

In his defense, Martin's grandfather testified, among others, that on the night of January 23, the night of the alleged rape, Martin was staying at his house. He testified that he slept in a recliner all night and he would have heard if Martin had left the house.

The jury found Martin not guilty of the rape charge and guilty of sexual battery, child molestation and aggravated child molestation. This appeal followed.

1. In his first enumeration of error, Martin argues that the trial court erred in instructing the jury that it could disregard the specific

date alleged in Count 4 of the indictment. That count stated that Martin committed the offense of child molestation on January 23, 2006, in that Martin had sexual intercourse with the victim on that date.

During deliberations, the jury sent out a note asking, with regard to that count, "are we obligated to the specific date listed?" The trial court instructed the jury that the State, as a general rule, was not limited to the date alleged in the indictment but could prove the crime on any date within the statute of limitation; the exception being where the indictment specifically alleges that the date is material and in that instance the accused could be convicted only if the State's proof corresponds to the date alleged. The jury then asked, "Has the State made the date material?" The trial court sent back a note stating: "For the date of the offense to be material, the indictment must specifically allege the date of the offense is material."

Martin claims that because he was relying on an alibi defense, the trial court erred in instructing the jury that it could disregard the specific date alleged in the indictment. We disagree.

> It is well established that where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. An exception exists where the evidence of the state proving that the offense was committed *at a time substantially different from that alleged in the indictment* surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial.

(Citation and footnote omitted.) *Lloyd v. State*, 263 Ga. App. 234, 235 (587 SE2d 372) (2003).

In this case, Martin does not argue that the State's evidence proved that the offense was committed at a substantially different time from that alleged in the indictment. The victim stated that the next time she saw Martin was on January 22, but from her testimony it could be inferred that it was actually in the early morning hours of January 23. Accordingly, there was no evidence from the State that the offense was committed at a time substantially different from that alleged in the indictment; indeed, the only evidence was that it *was* committed on that date. Therefore, Martin cannot and does not claim that he was surprised and prejudiced such that he could not present an alibi defense. There was no error. See, e.g., *Norman v. State*, 278 Ga. App. 497, 499 (629 SE2d 489) (2006); *Lloyd*, supra.

2. Martin also contends that the trial court erred in allowing the

State to introduce similar transaction evidence.

> We review a trial court's ruling on the admissibility of similar transaction evidence for abuse of discretion. The general rule is that evidence of another crime may be admitted if it is shown that: the evidence is being used for a proper purpose, such as proof of the defendant's identity, intent, course of conduct, or bent of mind; the defendant was the perpetrator of the other crime; and a sufficient connection or similarity exists between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. In sexual offenses, admissibility of similar transaction evidence is liberally construed and "the sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admitted as similar transaction evidence."

(Punctuation and footnotes omitted.) *Washington v. State*, 286 Ga. App. 268, 269-270 (648 SE2d 761) (2007).

Here, the first similar transaction occurred a short time after the crimes alleged in this case. The evidence showed that Martin had sexual intercourse with a 15-year-old girl after going to her home when he knew her parents would be gone. The other similar transaction occurred a few months prior to the crimes alleged in this case. In that instance, Martin visited a 12-year-old girl's home several times and would "french kiss" her when they were alone.

Martin argues that the evidence was not admitted for a legitimate purpose. In ruling that the evidence was admissible, the trial court stated that the similar transactions were admitted to show bent of mind, course of conduct, and to corroborate the testimony of the victim. These are sufficient proper purposes for admission of the evidence. See *Washington*, supra at 269-270; *Williams v. State*, 263 Ga. App. 22, 24 (587 SE2d 187) (2003) (as to the purpose for which the evidence was admitted, we have held that in crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony).

In addition, Martin argues that, even assuming the evidence was admissible, its prejudicial value outweighed the probative value because it kept him from taking the stand in his own defense. He claims that because he did not wish to be questioned about the other incidents, he did not testify as to what happened in the instant case.

Martin cites to no case law as authority for this argument and we find none. Also, Martin did not raise this argument in the trial court and therefore, it is waived on appeal. See *Chauncey v. State*, 283 Ga.

App. 217, 221, n. 3 (641 SE2d 229) (2007) (because defendant "failed to object to the similar transaction evidence on any other ground[,] [h]e thus has waived on appeal any other basis for challenging the admission of this evidence").

Moreover, in rejecting the argument that similar transaction evidence was too prejudicial to justify its admission, this Court has held that because the evidence was admitted "for the legitimate purpose of demonstrating that [Martin] engaged in sexual relations with female children," it was "admissible to show the lustful disposition of the defendant and to corroborate the victim as to the acts charged." (Footnote omitted.) *Johns v. State*, 253 Ga. App. 207 (558 SE2d 426) (2002). Accord *Engle v. State*, 290 Ga. App. 396, 401 (659 SE2d 795) (2008). See also *Fielding v. State*, 278 Ga. 309, 310-311 (602 SE2d 597) (2004) (prior act's probative value, which showed a specific course of conduct and particular pattern of behavior, was not outweighed by its prejudicial effect). Accordingly, we conclude that the trial court did not abuse its discretion in admitting the similar transaction evidence.

3. Martin argues that he received ineffective assistance of counsel at trial. "To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." (Citations omitted.) *Gross v. State*, 262 Ga. 232, 233 (1) (416 SE2d 284) (1992); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct." (Citation omitted.) *Wheat v. State*, 282 Ga. App. 655, 655-656 (639 SE2d 578) (2006). In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross*, supra.

Martin argues that counsel was ineffective because he failed to object to the prosecutor's comment during closing argument as follows: "Apparently, the defendant likes to have sexual intercourse and perform sex acts on young teenage and preteen girls who are on the heavy side," and "who have long, shoulder length brown hair. Apparently, that's what he goes for." Martin claims that this comment depicts him as a sexual predator.

First, Martin has failed to elicit testimony from trial counsel at a hearing on his failure to object to the statement, thus "making it extremely difficult for him to overcome the strong presumption that

counsel's decision not to object was part of a reasonable trial strategy." *Leaptrot v. State*, 272 Ga. App. 587, 594 (612 SE2d 887) (2005).

In *Leaptrot*, the prosecutor said in his opening statement that the defendant was a sexual predator. Id. In that case we held that there was no error in the trial court's finding "that these remarks were proper references to the evidence and matters that the prosecutor expected to prove at trial, and thus would have provided no ground for a successful objection." Id. at 595. See also *Mikell v. State*, 281 Ga. App. 739, 744 (637 SE2d 142) (2006) ("State prosecutor's arguments characterizing [defendant] as a child molester and as dishonest were permissible as either references to [defendant's] past conduct or inferences drawn from the evidence").

Martin also contends that his lawyer failed to object to the prosecutor's comment about his right to remain silent. During closing arguments, the prosecutor stated: "I guess that they are trying to say that the defendant had an alibi of some sort, but nobody, nobody besides [A. C.] could tell you where the defendant was on January 22nd into January 23rd." Also, "nobody from the defense could place Eddie Martin or say exactly where he was, . . . where he should have been. . . ."

As Martin acknowledges, the prosecutor's comments, which noted only that no one had contradicted the testimony of the accomplice, were not an improper comment on Martin's silence. "Where the prosecutor's comments are not directed at the defendant's decision not to testify but are directed at defense counsel's failure to rebut or explain the State's evidence, the comments are permissible." *Ellison v. State*, 265 Ga. App. 446, 448 (594 SE2d 675) (2004), citing *Johnson v. State*, 271 Ga. 375, 383 (519 SE2d 221) (1999); *Ingram v. State*, 253 Ga. 622 (323 SE2d 801) (1984) (while a prosecutor may not comment on a defendant's failure to testify, he may argue that evidence of guilt has not been contradicted or rebutted).

Martin also claims that these statements constituted an impermissible "golden rule" argument. Because the State's argument did not ask jurors to place themselves in the victim's position, it was not a "golden rule" argument and trial counsel was not ineffective for failing to object. See, e.g., *Marshall v. State*, 276 Ga. 854, 857 (583 SE2d 884) (2003).

In light of the reasons given above, we conclude that the trial court did not err in denying Martin's motion for new trial on the ground of ineffective assistance of counsel. Failure to make a meritless objection cannot be evidence of ineffective assistance of counsel at trial. See, e.g., *Boyd v. State*, 289 Ga. App. 342, 345-346 (656 SE2d 864) (2008).

Martin also claims that his counsel failed to prepare for the argument that the date in the indictment was not material and allowed an inaccurate instruction to go out with the jury. Because of our holding in Division 1, supra, there is no merit to this argument.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 20, 2008 — 

*Stuart M. Mones*, for appellant.

*Lee Darragh, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.