A09A0240. COTTON v. THE STATE.
(678 SE2d 128)

MILLER, Chief Judge.

A jury convicted William Andrew Cotton of one count of possession of cocaine with intent to distribute (OCGA § 16-13-30 (b)) and one count of obstructing or hindering law enforcement officers (OCGA § 16-10-24). Cotton appeals from the trial court's denial of his motion for new trial, contending that the trial court erred in (i) admitting an alleged similar transaction, (ii) allowing a police officer to testify as an expert witness as to drug investigations, drug use, and drug paraphernalia, and (iii) denying his motion for a mistrial. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), the record shows that at approximately 12:15 p.m., on October 22, 2005, Coweta County Sheriff's deputies executed a no-knock search warrant at a Newnan residence. Upon entering the residence, Deputy Sheriff Pat Lyons encountered Cotton, among others, and identified himself. Only Cotton attempted to run, and when he refused Lyons' command to "freeze" and "get on ground," Lyons shot him with his taser, causing Cotton to fall to the floor. Deputy Lyons found a sum of U. S. currency underneath Cotton's body and immediately adjacent to Cotton a large ziplock plastic bag. The plastic bag contained broken pieces of cocaine weighing 1.29 grams and a number of smaller plastic baggies. Cotton's arrest followed.

At trial, Deputy Lyons, testifying as an expert, explained that

the quantity of cocaine recovered from Cotton and the manner in which it was packaged was consistent with an intent to distribute the same. Further, the State presented evidence of a similar transaction for the purpose of showing Cotton's intent, bent of mind, and course of conduct.

1. The similar transaction introduced by the State involved an incident in which Cotton ran from police and threw down a baggie containing 18 individual baggies of crack cocaine. Cotton subsequently pled guilty to possession with intent to distribute cocaine. Cotton claims that the admission of the similar transaction evidence was error because, unlike the instant circumstances, (i) the similar transaction occurred outside a commercial establishment, not in a private residence, (ii) the cocaine was individually packaged rather than loose in a larger single plastic baggie, also containing smaller plastic baggies, and (iii) the evidence was undisputed that he had run from police. We disagree.

To render evidence of a prior transaction or occurrence admissible, the State must show

> (1) the evidence will be admitted for a proper purpose; (2) sufficient evidence establishes that the defendant committed the independent act; and (3) sufficient connection or similarity exists between the independent offense and the crime charged, so that proof of the former tends to prove the latter. [Cits.]

*Rogers v. State*, 285 Ga. App. 568, 570 (2) (646 SE2d 751) (2007). As with all evidence, the decision to admit a prior similar transaction into evidence is generally "a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse." (Citations and punctuation omitted.) *Decker v. State*, 231 Ga. App. 219, 221-222 (1) (498 SE2d 789) (1998).

Here, the State offered the prior conviction "to show Cotton's intent, bent of mind, and course of conduct." This is a proper purpose and satisfies the first prong. Second, it is undisputed that Cotton committed the independent act. Third, although Cotton argues that the allegations against him are not sufficiently similar to the prior occurrence, the trial court was required to focus on the similarities, not the differences, between the two occurrences. *Freeman v. State*, 257 Ga. App. 127, 128 (570 SE2d 414) (2002). In both instances, Cotton was arrested in possession of cocaine and "sale-sized" baggies after seeking to avoid police. Under these circumstances, we conclude that the trial court did not abuse its discretion in admitting, upon a proper limiting instruction, Cotton's prior

conviction of possession of cocaine with intent to distribute for the proper limited purpose of showing Cotton's bent of mind in committing the charged offenses. *Decker*, supra, 231 Ga. App. at 221 (1).

2. Cotton contends that the trial court erred in allowing Deputy Lyons to testify as an expert in drug investigations, drug use, and drug paraphernalia. "An expert is one whose habits and profession endow him or her with a particular skill in forming an opinion on the subject matter in inquiry. The qualification of a witness as an expert is addressed to the sound discretion of the trial court." (Punctuation and footnotes omitted.) *Murrell v. State*, 273 Ga. App. 735, 739 (3) (615 SE2d 780) (2005).

Generally, an individual will qualify as an expert upon a showing of being "knowledgeable in a particular matter; [such] special knowledge may be derived from experience as well as study[;] and formal education in the subject is not a requisite for expert status." (Citations omitted.) *Poole v. State*, 270 Ga. App. 432, 436 (3) (606 SE2d 878) (2004).

Deputy Lyons testified, in relevant part, that he had been employed in law enforcement in Coweta County for seven years; that he had previously worked for the Warner Robins Police Department in its Narcotics Intelligence Unit; that he had received "close to 400 hours" in training related to drug activity, identification, distribution, and sales; that he had made approximately 350 felony drug arrests in the preceding two years; and that he had spoken with more than 300 people engaged in the sale of illegal drugs. Given the breadth of his training and experience, we find no abuse of discretion in the trial court upon its qualification of Deputy Lyons as an expert witness in drug investigations, drug use, and drug paraphernalia. *Poole*, supra, 270 Ga. App. at 436 (3).

3. Finally, Cotton challenges the trial court's denial of his motion for a mistrial, arguing that the prosecutor improperly placed his character in issue by asking on cross-examination "do you recall testifying on March 3, 2006 at your probation revocation hearing?" At that point, the trial court immediately stopped the trial, admonished the prosecutor, and gave a curative instruction. Nonetheless, trial counsel moved for a mistrial, which motion the trial court denied.

We review the "denial of a motion for mistrial under an abuse of discretion standard." (Footnote omitted.) *Hamilton v. State*, 293 Ga. App. 297, 300 (3) (666 SE2d 630) (2008).

Here, Cotton's prior conviction for possession of cocaine with the intent to distribute, including his probated sentence on the offense, had been admitted in evidence. Given that the jury was aware that Cotton was on probation and the immediate curative instruction of the trial court, Cotton suffered no harm resulting from the prosecu-

tor's question alluding to an earlier probation revocation hearing. *King v. State*, 269 Ga. App. 658, 661 (4) (605 SE2d 63) (2004).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 1, 2009.

*Drummond & Swindle, Jason W. Swindle, Ricardo G. Samper,* for appellant.

*Peter J. Skandalakis, District Attorney, Kevin T. McMurry, Assistant District Attorney*, for appellee.