### A09A1646. CONYERS v. THE STATE.
(690 SE2d 233)

MILLER, Chief Judge.

A jury convicted Jerome Conyers of a single count of possession of cocaine (OCGA § 16-13-30 (a)). Following the denial of his motion for new trial, as amended, Conyers appeals, challenging (i) the

---

sufficiency of the evidence; (ii) the trial court's admission of similar transaction evidence; and (iii) the effectiveness of counsel based on trial counsel's failure to object to the State's similar transaction evidence. Finding that the evidence was sufficient to support the conviction and the trial court properly admitted the State's similar transaction evidence, we affirm.

On appeal from a criminal conviction, we review the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. We determine only whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt and do not weigh the evidence or resolve issues of witness credibility. See *Moore v. State*, 274 Ga. App. 432 (618 SE2d 122) (2005).

So viewed, the record shows that on October 9, 2007, Officers Tonya Dietz and Shane Wood with the Lawrenceville Police Department were working undercover and conducting "area checks," looking for suspicious or narcotics activity in and around the area neighborhoods and businesses. At approximately 11:00 that evening, the two drove to the Metro Extended Stay Motel in Lawrenceville and observed two white males on its second floor balcony. Dietz approached these individuals inside the motel while Wood remained in the unmarked patrol vehicle. Acting very anxious and nervous, Dietz told the two males that she was looking for "Robbie" and "needed Robbie to hook [her] up" and asked where he could be found. The men, later identified as Ronald Waldrip and Bernard Ayers, indicated that they knew who Robbie was and took Dietz to a nearby room, but Robbie was not there. After Waldrip and Dietz went downstairs, a dark colored Cadillac drove past the breezeway, and Waldrip told Dietz that he could get some cocaine from the occupants in the Cadillac. Shortly thereafter, Waldrip and Dietz met with Conyers and Ayers in the breezeway in front of Room 125. Waldrip told Conyers that Dietz was looking for some "hard" and asked Conyers if he had "$30 worth," whereupon Conyers motioned for Dietz to enter the motel room. Dietz then indicated to Conyers and Ayers that she did not have the money and needed to get some. Thereafter, Dietz left with Wood to obtain the money and later returned to Room 125 with Waldrip and Wood. Dietz and Waldrip knocked on the door, and Ayers came out of the room and asked Dietz if she had the money. Dietz said, "yes" and displayed it, whereupon Ayers displayed the cocaine. As Dietz was about to make the purchase, Wood entered the room and arrested Ayers.

Wood testified at trial that when he entered the room, he observed two other individuals, Conyers and Kendall Maddox. In plain view on a dinette table, Wood observed several glass pipes used for smoking crack cocaine and a Brillo pad commonly used to filter

cocaine. A white chalky substance, which he suspected to be cocaine, was located under the front left edge of a stereo atop a night stand between two beds. Digital scales were also found on the night stand. Conyers admitted to Wood that the motel room was rented in his name, but he had no knowledge to whom the cocaine belonged. Conyers later stated that the cocaine belonged to a person by the name of "B," whom he had allowed to stay in his room.

Further, the State presented evidence of a similar transaction for the purpose of showing Conyers' bent of mind and course of conduct.

1. Conyers argues that the evidence was insufficient to support his conviction because the State failed to prove that he had constructive possession of the cocaine. We disagree.

It is well settled that "[c]onstructive possession exists where a person though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing." (Citation and punctuation omitted.) *Daugherty v. State*, 283 Ga. App. 664, 666-667 (1) (a) (642 SE2d 345) (2007). Possession may also be joint where two or more persons share actual or constructive possession of a thing. *Coleman v. State*, 229 Ga. App. 642, 643 (494 SE2d 549) (1997).

The record shows that Room 125 was rented in Conyers' name and he was clearly aware of the presence of cocaine in his room. For example, when Waldrip asked him whether he had $30 worth of cocaine to sell Dietz, Conyers told Dietz, "I've got it right here" and invited her into his room to view it. Further, when Dietz returned to Conyers' room to make the purchase, glass pipes, Brillo pads, digital scales and cocaine were found in plain view. The other occupants of the room, Ayers and Maddox, also had cocaine on their persons. Viewed in the light most favorable to the verdict, a jury could infer that Conyers was "aware of the [cocaine], was in control of same, and was in sole or joint constructive possession of it[.]" *Coleman*, supra, 229 Ga. App. at 644; *Farmer v. State*, 188 Ga. App. 375, 376 (373 SE2d 68) (1998) ("totality of the evidence was sufficient to connect [defendant] to possession of the [contraband], even though the evidence would have authorized a finding that others had equal access to [it]") (citations omitted). Compare *Stringer v. State*, 275 Ga. App. 519, 520-521 (1) (621 SE2d 761) (2005) (although defendant rented hotel room in his name and was present in the hotel when police arrived, there was no evidence linking him to the controlled drug purchase in his room).

2. Conyers argues that the trial court erred in allowing the State to introduce similar transaction evidence because it was not sufficiently similar to the charged offense. We are not persuaded.

"[T]he decision to admit a prior similar transaction into evidence is generally a matter resting within the sound discretion of the

trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse." (Citation and punctuation omitted.) *Cotton v. State*, 297 Ga. App. 664, 665 (1) (678 SE2d 128) (2009). In order for evidence of a prior transaction or occurrence to be admissible, the State must show

> (1) the evidence will be admitted for a proper purpose; (2) sufficient evidence establishes that the defendant committed the independent act; and (3) sufficient connection or similarity exists between the independent offense and the crime charged, so that proof of the former tends to prove the latter.

(Citation and punctuation omitted.) Id. "If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate claim will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." (Citation and punctuation omitted.) *Sultenfuss v. State*, 185 Ga. App. 47, 49 (2) (363 SE2d 337) (1987).

The State proffered evidence that in October 2003, a Gwinnett County police officer conducted a traffic stop of a vehicle occupied by two people, and Conyers was the driver. The officer observed a white substance on Conyers' lips and, in plain view, a piece of crack cocaine in the driver's door handle. A search of the car also revealed a broken crack pipe and strands of copper wire under the seats. Conyers subsequently pled to possession of cocaine. The State offered the prior conviction to show Conyers' course of conduct and bent of mind. This is a proper purpose and satisfies the first prong. *Sultenfuss*, supra, 185 Ga. App. at 49 (2). It was undisputed that Conyers committed the prior act. Lastly, the two incidents were similar in that they both occurred in a known drug area in Gwinnett County, involved the same drug in a possession amount and the presence of drug paraphernalia. Further, the facts of both offenses support a finding that Conyers was in constructive possession of cocaine.

We have routinely held that the transaction "need not be identical in every respect, particularly when, as here, the logical connection between the alleged crime and the similar transaction is strong." (Citations omitted.) *Guild v. State*, 236 Ga. App. 444, 445 (2) (512 SE2d 343) (1999). Since the trial court is required to "focus on the similarities, not the differences, between the two occurrences[,]" it is inconsequential that the prior offense involved a traffic stop whereas the instant offense occurred in a motel room. (Citation omitted.) *Cotton*, supra, 297 Ga. App. at 665 (1). Insofar as Conyers denied that the cocaine belonged to him or that he had constructive

possession of same, his prior conviction for possession of cocaine "was clearly probative and admissible evidence as to the limited issue of his course of conduct and bent of mind." *Sultenfuss*, supra, 185 Ga. App. at 49 (2); *Johnson v. State*, 276 Ga. App. 505, 509 (3) (b) (623 SE2d 706) (2005) (trial court also considers prior transaction's relevance to issues at trial).

3. Conyers contends that his trial counsel was ineffective for failing to object to the admission of similar transaction evidence. We disagree.

"To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." (Citations and punctuation omitted.) *Martin v. State*, 294 Ga. App. 117, 120 (3) (668 SE2d 549) (2008). In analyzing this claim, we determine whether "there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel." Id. "[W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation omitted.) *Ortiz v. State*, 295 Ga. App. 546, 550 (4) (672 SE2d 507) (2009).

Given our disposition in Division 2 that the State's similar transaction evidence was properly admitted, we find no error in trial counsel's failure to contemporaneously object to its admission at trial. See *Johnson v. State*, 279 Ga. App. 98, 100 (2) (a) (630 SE2d 612) (2006) (since similar transaction evidence was properly admitted, trial counsel's failure to object to the admission of same did not constitute ineffective assistance); *Owens v. State*, 271 Ga. App. 365, 370 (5) (609 SE2d 670) (2005) ("Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance") (citations and footnotes omitted).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 25, 2010 ▮▮▮▮▮

*Glynn R. Stepp*, for appellant.
*Daniel J. Porter, District Attorney, Robby A. King, Assistant District Attorney*, for appellee.