## S00A1853. FOSTER v. THE STATE.
### (537 SE2d 659)

HUNSTEIN, Justice.

Clay Foster appeals his conviction for malice murder. For the reasons which follow, we affirm.[1]

1. The evidence at trial demonstrates that the victim, Tammy Foster, was murdered in her home on September 4, 1996. She had been struck in the head multiple times with a blunt, circular object consistent with the head of a hammer. A hammer with one bent prong, identified as one the victim had borrowed from her grandmother, was found in a wooded area behind her home.

Clay Foster and the victim were divorced in May 1996. At the time of the murder, he owed more than $10,000 to the victim and their son in child support and had recently been informed by a county child support enforcement officer that a contempt action would be filed against him. On the night before the murder, Foster was at the victim's home and caused a disturbance. The day of the murder, witnesses saw the victim and Foster in the front yard of her home at approximately 4:00 p.m. The victim was walking away from Foster and Foster appeared angry. The victim's car was parked at her home at that time. Shortly thereafter, witnesses saw Foster driving the victim's car. Later that evening, the victim was found lying in her bed with her face covered by pillows. Bloodstains on the bed and the floor revealed that the body was moved from the edge of the bed to the center of the bed soon after the injuries were sustained. The medical examiner testified that the approximate time of death was 4:30 p.m.

---

[1] The crime occurred on September 4, 1996. Foster was indicted for malice murder by the Emanuel County grand jury on December 6, 1996. He was found guilty on March 20, 1997 and sentenced to life imprisonment that same day. A motion for new trial was filed on April 16, 1997, amended on March 4, 1999 and denied on June 23, 2000. Foster filed his notice of appeal on July 18, 2000. The appeal was docketed in this Court on July 28, 2000 and submitted for decision on the briefs on September 18, 2000.

Foster contends the evidence was insufficient to support the murder conviction because the evidence was entirely circumstantial. "To warrant a conviction on circumstantial evidence, the proved facts shall . . . exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence. Where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. *Robbins v. State*, 269 Ga. 500 (1) (499 SE2d 323) (1998). We find the evidence, although circumstantial, was sufficient to authorize a rational trier of fact to find Foster guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewed in the light most favorable to the verdict, the jury could have found that every reasonable hypothesis except Foster's guilt was excluded. See *Rushing v. State*, 271 Ga. 102 (3) (515 SE2d 607) (1999).

2. At trial, the State presented expert testimony from a crime scene reconstructionist who testified based on his education and experience that there are specific reasons why a perpetrator might move or cover his victim's body. Foster objects to that portion of the expert's testimony in which he stated that a perpetrator may move or cover a victim's body to depersonalize the victim because a close relationship existed between the perpetrator and his victim. Foster asserts this testimony should have been excluded because it did not require specialized knowledge, skill or experience and did not fall outside of the skill or common sense inferential powers of the average layman.

OCGA § 24-9-67 provides, "The opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." This Court has held that the scope of admissible testimony on issues to be decided by the jury, even the ultimate issue, encompasses conclusions the jurors would not be able to draw for themselves. *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). Here, the State's witness was accepted as an expert in the areas of homicide investigation and crime scene reconstruction without objection. He testified that he was specially trained in behavioral science and had 27 years experience in the field. Because the challenged testimony was well within the expert's range of training and experience and the average juror does not possess the experience necessary to discern the most common complex behavioral reasons why a perpetrator might reposition and cover his victim, we find the trial court did not abuse its discretion in allowing the expert to tes-

tify regarding the behavior of a particular class of offenders. See *Ward v. State*, 262 Ga. 293 (3) (417 SE2d 130) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 23, 2000.

*Thomas J. O'Donnell, Jr.*, for appellant.

*Richard A. Malone, Jr., District Attorney, William S. Askew, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.