## A04A1568. BRADSHAW v. THE STATE.

(603 SE2d 494)

MIKELL, Judge.

Tom Bradshaw, Jr., appeals from a jury conviction for possession of cocaine, obstruction of a law enforcement officer, and driving under the influence ("DUI"). In his only enumeration of error, Bradshaw argues that the verdict is contrary to law, contrary to the evidence, and strongly against the weight of the evidence. We disagree and affirm.

In his appellate brief, Bradshaw asserts what amounts to a challenge to the sufficiency of the evidence. He provides no citation of authority to support his argument that the verdict is contrary to the law; therefore, we find that he has abandoned that argument.[1] Additionally, this Court cannot consider the weight of the evidence, only the sufficiency, so Bradshaw's third argument is without merit.[2] Because Bradshaw has provided no record citations or legal authority to support his argument on the sufficiency of the evidence, this Court is not required to consider it.[3] Nonetheless, we exercise our discretion to consider the error and find that the evidence was sufficient to support Bradshaw's conviction.

The standard for considering the sufficiency of the evidence is whether, when viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[4] So viewed, the record shows that Bradshaw was stopped on April 19, 2001, by Lieutenant David Harris of the Reidsville Police Department after he almost ran into a ditch with his car. Harris asked Bradshaw to exit the car and noticed that Bradshaw was nervous, had red eyes, was unstable on his feet, and that his speech was muffled and slurred. Harris and the other officers present also noticed that Bradshaw had a plastic bag in his mouth. They tried to get Bradshaw to spit out the bag, but he physically resisted. The officers eventually used "hands on force" to restrain Bradshaw and wrestle him to the ground to retrieve the substance,

---

[1] Court of Appeals Rule 27 (c) (2).

[2] *Coleman v. State*, 150 Ga. App. 380, 381 (3) (258 SE2d 12) (1979).

[3] Court of Appeals Rule 27 (c) (3).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

which tested positive for cocaine. Lieutenant Harris read Bradshaw the implied consent notice, and Bradshaw gave a urine sample, which tested positive for cocaine. At trial, Bradshaw admitted having the cocaine in his mouth but denied being intoxicated at the time of the stop. The jury watched a videotape that documented the incident.

Bradshaw was charged with possession of cocaine, obstruction of an officer, DUI, and weaving over the roadway. The jury found him guilty of the first three counts.

OCGA § 16-13-30 (a) provides that "it is unlawful for any person to purchase, possess, or have under his control any controlled substance." Since Bradshaw clearly had the cocaine in his possession at the time of the stop, the evidence was more than sufficient for the jury to find him guilty on this count. Pursuant to OCGA § 16-10-24 (a), a person is guilty of obstructing an officer when he knowingly and wilfully obstructs or hinders the officer in the lawful discharge of his official duties. In the instant case, when the officers tried to get Bradshaw to spit the plastic bag out of his mouth for his own safety, he physically resisted. This evidence sufficiently supported the jury's conclusion that Bradshaw was guilty of this offense. Finally, OCGA § 40-6-391 (a) (2) provides that "[a] person shall not drive . . . while [u]nder the influence of any drug to the extent that it is less safe for the person to drive." Proof of impairment may be shown by evidence of "(i) erratic driving behavior, (ii) failure to pass field sobriety tests, and (iii) the officer's own observations (such as smelling alcohol and observing strange behavior) and resulting opinion that the alcohol made it less safe for the defendant to drive."[5] The officer testified as to Bradshaw's erratic driving, his behavior after the stop, and that Bradshaw appeared to be under the influence to the extent that he was a less safe driver. Accordingly, the evidence was sufficient for the jury to find Bradshaw guilty of this offense as well.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 11, 2004.

*Samuel G. Oliver*, for appellant.
*Tom Durden, District Attorney, Sandra Dutton, Assistant District Attorney*, for appellee.

---

[5] (Citation omitted.) *Weldon v. State*, 262 Ga. App. 854, 855 (3) (586 SE2d 741) (2003).