## A05A0989. CODY v. THE STATE.

(619 SE2d 811)

BERNES, Judge.

A Chatham County jury convicted Lenorris Cody of one count of possession of cocaine in violation of the Controlled Substances Act, OCGA § 16-13-20 et seq. Cody appeals challenging the sufficiency of the evidence to convict him and contending the trial court erred by failing to give his request to charge on equal access; by admitting evidence obtained from an allegedly pretextual traffic stop; and by sentencing him as a recidivist. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that a Savannah police officer stopped Cody after he observed Cody, who was accompanied by co-defendant Vernon Carter, driving a vehicle without wearing a seatbelt. While the arresting officer was checking the validity of Cody's driver's license and writing the traffic citation, another officer on the scene walked a drug-sniffing dog around Cody's vehicle. After the dog alerted on the driver's door, the arresting officer completed writing the citation, and asked Cody for permission to search the vehicle. Cody consented. During the course of the search, the officers seized a baggie containing a powder residue and two rocks of crack cocaine from the passenger compartment of the vehicle.

Cody and co-defendant Carter were then placed under arrest and transported to the Chatham County Detention Center. While Cody was being booked in, a black plastic bag containing additional crack cocaine fell from Cody's sock. Cody then tried to hide the bag with his foot. A baggie containing a powdery substance was also seized from Carter during the book-in process.[1]

1. Cody challenges the sufficiency of the evidence contending the trial court erred in denying his motion for directed verdict and asserting the verdict was contrary to the law, contrary to the evidence, and decidedly against the weight of the evidence. Cody makes no argument in support of his allegation that the verdict is contrary to the law and thus, this allegation is deemed abandoned. Court of Appeals Rule 25 (c) (2). Furthermore, this Court cannot address the weight of the evidence, only its sufficiency. *Bradshaw v. State*, 269 Ga. App. 97 (603 SE2d 494) (2004).

The standard for reviewing a denial of a motion for a directed verdict of acquittal and for testing the sufficiency of the evidence is the same, i.e., whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the

---

[1] Carter falsely identified himself upon being arrested. He entered a negotiated guilty plea to possession of cocaine and false statement during the state's case-in-chief.

defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002). Based on the evidence at trial, the jury was authorized to conclude that Cody constructively possessed cocaine found in the automobile and actually possessed the cocaine that fell from his sock.[2] Any rational trier of fact could have found Cody guilty of possession of cocaine beyond a reasonable doubt.

2. Cody contends the trial court erred in refusing to give his requested jury charge on "equal access." The requested charge read as follows: "I charge you that merely finding contraband on premises or in an automobile occupied by the Defendant is not sufficient to support a conviction if it affirmatively appears that persons other tha[n] Defendant had equal opportunity to commit the crime." The requested instruction was not adjusted to the facts of the case because the evidence showed that Cody was not merely an occupant of the automobile; he was the driver. See *In re E. A. D.*, 271 Ga. App. 531, 532-533 (610 SE2d 153) (2005). As such, the jury was authorized to presume that the contraband found in the automobile was in Cody's exclusive possession even though the presumption was subject to being overcome by evidence showing that someone other than Cody had equal access to the contraband. *Wiggins v. State*, 258 Ga. App. 703, 705 (2) (574 SE2d 896) (2002).

"[A] jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law. When any part of the requested charge is confusing, inapt, incorrect, or not authorized by the evidence, denial of the request is proper." (Citations omitted.) *Jones v. State*, 242 Ga. App. 357, 359 (3) (529 SE2d 644) (2000). Because Cody's proposed jury instruction was not adjusted to the facts in evidence, the trial court did not err in refusing to give the requested charge. Moreover, the trial court properly charged the jury on equal access "[i]n the automobile context," *Wiggins v. State*, 258 Ga. App. at 705, as well as on the principles of sole, joint, constructive and actual possession. "[V]iewing the entire charge as a whole, it is apparent that the charge was a full and fair charge covering all issues to be resolved by the jury." (Citation and punctuation omitted.) *Marshall v. State*, 197 Ga. App. 762, 763 (2) (399 SE2d 555) (1990).

3. Cody next contends that "the officer's stop of Cody's vehicle was pretextual" and that "a motion to suppress should have been

---

[2] "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Citation and punctuation omitted.) *Singleton v. State*, 194 Ga. App. 5, 6 (389 SE2d 496) (1989).

granted." However, Cody failed to file a written motion to suppress or to object to the challenged evidence at trial. Thus, Cody "waived any objection to the evidence on the ground that it was obtained by an illegal search and seizure." *Horton v. State*, 269 Ga. App. 407, 409 (604 SE2d 273) (2004).

Within the context of this allegation of error, Cody also claims that his trial counsel was ineffective for failing to file a motion to suppress. Cody, who was represented by new counsel at his motion for new trial, did not raise this claim in the trial court.[3]

> Our law requires that a claim for ineffective assistance of counsel must be raised at the earliest practicable moment. *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659) (1996). This rule requires that a "claim be raised *before appeal* if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time." Id. at 184.

*Sartin v. State*, 223 Ga. App. 759, 762 (5) (479 SE2d 354) (1996). Because Cody's new attorney could have alleged the ineffective assistance claim by way of motion for new trial, but failed to do so, the claim is waived. *Clay v. State*, 232 Ga. App. 541, 542 (2) (502 SE2d 267) (1998).

4. Finally, Cody complains the trial court improperly considered uncounseled prior convictions in sentencing him as a recidivist. Our review of the record reveals that Cody's claim is factually without merit; the record shows Cody was represented by counsel in each of the five prior convictions considered by the trial court. Furthermore, Cody failed to object at trial to admission of any of the prior convictions and consequently waived his right to assert this allegation of error on appeal. *Price v. State*, 223 Ga. App. 185 (12) (477 SE2d 353) (1996).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED AUGUST 16, 2005.

*William O. Cox*, for appellant.

---

[3] Cody's trial counsel filed a motion for new trial alleging general grounds. Cody's new counsel filed an amended motion for new trial and represented Cody at the motion for new trial hearing.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.