A07A0083. DRAMMEH v. THE STATE.
(646 SE2d 742)

MILLER, Judge.

Following a jury trial, Sansui Drammeh was convicted of attempted trafficking in marijuana. On appeal, he asserts that the evidence was insufficient to sustain his conviction and that the trial court erred in allowing the jury to consider certain evidence. He also

raises for the first time an ineffective assistance of counsel claim. Discerning no error, we affirm.

1. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. Id.; *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

So viewed, the evidence shows that Robert Potter was hired by an individual he knew only as "Roots" to drive a shipment of marijuana from Phoenix, Arizona to Atlanta. On June 17, 2004, Potter, acting on instructions from Roots, picked up a Ford Explorer loaded with approximately 291 pounds of marijuana. En route to Atlanta, Potter was stopped by the Arizona Highway Patrol on a speeding violation. Law enforcement discovered the drugs and Potter was arrested.

In exchange for leniency, Potter agreed to cooperate with the police. Potter told police that he was to drop off the vehicle in a certain area of metro Atlanta and then call Roots to let him know the exact location of the car. Potter had two different phone numbers for Roots, both of which he provided to law enforcement. Potter also explained that Roots had told him that an airline ticket would be purchased for him and waiting for him at the Atlanta airport.

After talking with Potter, Detective Jay Atwater of the Flagstaff, Arizona Police Department contacted Sergeant Warren Toro of the Clayton County Police Department to set up a sting operation. Arizona law enforcement kept the marijuana seized from Potter's vehicle, and Potter drove the Ford Explorer to Atlanta. Once Potter arrived in Georgia, he contacted Sergeant Toro, and Georgia law enforcement placed approximately 291 pounds of marijuana, which they had obtained from their evidence vault, in the Explorer. An officer then drove the Explorer to a Denny's restaurant near Forest Park, parked it, and set up surveillance of the same. Potter called his contact and told him where he could find the vehicle. As law enforcement watched, a car driven by Drammeh parked near the Explorer, and Drammeh exited. Drammeh unlocked the vehicle by entering a code on the keypad on the driver's side door, got in, and sat behind the wheel.

Drammeh told police that he was picking up the car for a friend he identified only as "Ross," but he provided no other details regarding this individual. When they searched Drammeh, the police found two airline luggage tags like those available at airline ticket counters. On the back of one tag was written, "Robert Potter[,] Icelip[,] NY."

They also found a receipt for an airline ticket, paid for in cash, in the name of Robert Potter for a flight to Islip, New York. Drammeh told police that a friend had told him to purchase that ticket, but he could not recall the name of the friend.

In addition to these items, Drammeh had on his person two cell phones, both of which were seized by the police. In the memory or "address book" of one phone police found the name "Roots." The number listed for Roots was the same as one of the two telephone numbers that Potter had for Roots.

Drammeh first challenges the sufficiency of the evidence used to convict him, arguing that there was no direct evidence that he knew there was marijuana in the Explorer and that the State's circumstantial evidence was insufficient to sustain his conviction. We disagree.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. The proved facts "need exclude only *reasonable* hypotheses — not bare possibilities." (Emphasis in original.) *Morris v. State*, 202 Ga. App. 673, 674 (415 SE2d 485) (1992). " '[W]hether . . . circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury,' " *Bollinger v. State*, 259 Ga. App. 102, 104 (1) (576 SE2d 80) (2003), and the jury's finding on this question "will not be disturbed unless the verdict of guilty is insupportable as a matter of law." *Foster v. State*, 273 Ga. 34, 35 (1) (537 SE2d 659) (2000).

Drammeh was charged with marijuana trafficking, which occurs where an individual "knowingly sells, manufactures, grows, delivers, brings into this state, or has possession of a quantity of marijuana exceeding 10 pounds." OCGA § 16-13-31 (c). The jury found him guilty of the lesser included offense of attempted trafficking in marijuana. A person may be found guilty of that crime when, with the intent to traffic in marijuana, "he performs any act which constitutes a substantial step toward the commission of" such trafficking. OCGA § 16-4-1. "To constitute a substantial step, an act must be one that is done in [pursuit] of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation." (Punctuation omitted.) *Dennard v. State*, 243 Ga. App. 868, 871 (1) (a) (534 SE2d 182) (2000).

Here, the evidence would authorize a jury to find that by entering the Explorer Drammeh took a substantial step toward marijuana trafficking — i.e., he had made a substantial step toward possessing the marijuana. Although Drammeh claims not to have known that

the vehicle contained drugs, Sergeant Toro testified that, given both the quantity of marijuana in the vehicle and the heat of the day, the scent of the drug would overwhelm anyone opening the door. Drammeh's professed ignorance of the marijuana was further undermined by his inability or refusal to provide law enforcement with the name or contact information for the friend who allegedly sent him to pick up the Explorer. Additionally, the evidence established that Roots coordinated the transaction and that Drammeh had contact information for Roots. Finally, despite the fact that Drammeh denied knowing Potter, Drammeh admitted buying an airline ticket for him. This circumstantial evidence was sufficient to allow the jury "to exclude every reasonable hypothesis save the guilt of" Drammeh.

2. Drammeh next contends that, although his cell phones were admitted into evidence without objection, the trial court erred in allowing the jury to consider the contents of those phones. We disagree.

"As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse." (Citation and punctuation omitted.) *Decker v. State*, 231 Ga. App. 219, 221 (498 SE2d 789) (1998).

During his cross-examination of Toro regarding the information contained on Drammeh's cell phones, defense counsel asked if, at the time those phones were seized, the police had attempted to access any information stored on the phones other than the address books. Defense counsel specifically inquired as to whether police had attempted to access the list of phone numbers that had been most recently dialed on the phone, or from which the phone had received a call. Toro stated that he had reviewed the lists of most recently dialed numbers, but not the numbers from which the phones had received calls.

After deliberating for a period of time, the jury sent a note to the trial judge asking if they were permitted to consider evidence they had "discovered" on one of the phones. After hearing arguments from the parties, the judge allowed the jury to consider the contents of the phone, finding that the phones had been admitted without objection and without stipulations.

Although no one knows with certainty what evidence the jury "discovered" in the cell phones, the parties appear to assume that it involved the phones' memory, about which trial counsel questioned Toro. Notably, Drammeh challenges neither the relevancy nor the admissibility of the cell phone contents. He objects only to the fact that the jury considered contents found on the phones not specifically relied upon by the State at trial. He argues that permitting such consideration was tantamount to allowing the jury to conduct an

independent investigation of the crime, thereby violating his constitutional rights to due process and a public trial, as well as the right to confront witnesses against him. He fails, however, to cite any legal authority to support this position.

More importantly, Drammeh's argument fails to acknowledge that the cell phones were placed into evidence without objection or stipulations limiting how the jury could use or view the phones. Indeed, Drammeh's counsel questioned Toro about the contents of the phones generally and about the phones' internal memory specifically, thereby making those contents an issue in the case. Under these circumstances, the trial court's decision to allow the jury to consider any contents of the phones did not constitute an abuse of discretion. See, e.g., *Vincent v. State*, 276 Ga. App. 415, 416 (1) (623 SE2d 255) (2005) ("In order to raise on appeal contentions concerning admissibility of evidence the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver.") (citation and punctuation omitted); *Shelnutt v. State*, 234 Ga. App. 655, 657 (4) (506 SE2d 643) (1998) ("[S]elf-induced error cannot be complained of on appeal. [Cits.]").

3. Drammeh also asserts an ineffective assistance of counsel claim. Drammeh's counsel on his motion for a new trial — who was different from his trial counsel — did not assert this claim as grounds for a new trial. This failure bars us from considering the issue on appeal. See *Cody v. State*, 275 Ga. App. 140, 142 (3) (619 SE2d 811) (2005) ("Because [defendant's] new attorney could have alleged the ineffective assistance claim by way of [the] motion for new trial, but failed to do so, the claim is waived.").

For the reasons set forth above, we affirm Drammeh's conviction.
*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 25, 2007.

*Mitchell D. White, Patricia F. Angeli*, for appellant.
*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.