## A09A1245. ZUNIGA v. THE STATE.
(684 SE2d 77)

MILLER, Chief Judge.

A DeKalb County jury convicted Jose Zuniga of a single count of aggravated child molestation (OCGA § 16-6-4 (c)). He filed a motion for new trial, which was denied. Zuniga now appeals, arguing that the trial court erred in denying his motion for directed verdict because the State failed to prove the facts alleged in the indictment and challenging the sufficiency of the evidence. Concluding that the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that in late March 2007, the then four-year-old victim, C. F., complained to her mother, Gloria Ceron, that "it hurts when pee comes out." Concerned, Ceron checked her daughter's genital area but did not observe anything. When C. F.'s pain continued, Ceron took her daughter to the doctor who prescribed some medication for her; however, very painful blisters began to develop on C. F.'s vagina. Ceron returned with C. F. to the doctor and received a prescription for cream to alleviate the pain, but the cream did not help, so she took her daughter to the emergency room at Egleston Hospital. A doctor there checked C. F., and Ceron heard the doctor ask C. F. if someone had touched her on the vagina. After the visit, Ceron made an appointment for C. F. to visit Scottish Rite Children's Hospital ("Scottish Rite") the following day for further evaluation.

The following day, on April 12, 2007, Ceron brought C. F. to Scottish Rite for an appointment with nurse practitioner Karen

Rapkin. Rapkin examined C. F. and observed red inflamed sores on the outer lips of her genital area, and upon separating the lips, she also observed sores inside the lips of the vaginal opening and at the entrance to C. F.'s vagina. Based on her observations of the sores and upon verifying with a colposcope that the sores were fluid-filled or "vesicles," Rapkin diagnosed C. F. with herpes of the genital area.

Rapkin asked C. F. if anyone had touched her on her private parts, and C. F. stated that Papi had hurt her in bed with his hand and identified Papi as her father. When Rapkin asked C. F. if anyone else had touched her there, she stated that Jose touched her vaginal area with his hand and that the incident occurred at Jose's house when he hugged her. Thereafter, C. F. repeatedly stated that "Papi and Jose touched me here," pointing at her genital area.

At the time of the incident, C. F. was living in Decatur with her parents, Ceron and Jesus Facio-Martinez, and her little brother. Zuniga, who is C. F.'s father's uncle, and two other men lived with the family. According to Ceron, Zuniga had lived with them for a year and a half prior to the incident, and there were no other persons with Zuniga's first name living in their home. Ceron testified that she occasionally observed her daughter in Zuniga's room with the door open halfway, even though she told her daughter to not enter anyone else's room.

On April 12, 2007, after learning from DeKalb County police that her daughter had herpes and had named her father as her assailant, Ceron wanted to get tested for herpes and asked her husband and Zuniga to get tested as well. Ceron got tested, and her results were negative. Her husband also got tested, but the results of his test are not included in the record. Zuniga refused to get tested, but the parties ultimately stipulated at trial that he suffered from herpes simplex II. Ceron testified at trial that she had sexual intercourse with her husband after C. F. had reported that he had molested her, but Ceron denied having any herpes symptoms.

On May 8, 2007, Dr. Danielle Levy, clinical director with the Georgia Center for Child Advocacy, conducted a forensic interview with C. F. Levy testified that while C. F. had some difficulty communicating, she repeatedly stated that her dad and her uncle touched her, pointed to her own body, used the Spanish word "cola" to refer to her genital area, and repeatedly stated that it hurt.

C. F. testified at trial, but she denied having a father or an uncle named Jose. When asked if she had ever been to the hospital, she responded, "yes," but denied seeing or talking to a doctor or a nurse there. C. F. also disclaimed any physical condition which caused her severe pain or required any medication, and indicated that the only time she had to apply cream to herself, was to her arm.

1. Zuniga contends that the evidence was insufficient to prove

the physical injury element of aggravated child molestation alleged in the indictment. Zuniga argues that the State was required to prove that C. F. contracted the same type of herpes for which he tested positive, herpes simplex II, and therefore, the trial court erred in denying his motion for directed verdict. We disagree.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Level v. State*, 273 Ga. App. 601, 602 (1) (615 SE2d 640) (2005).

Here, the indictment alleged that Zuniga committed the act of aggravated child molestation by doing

> an immoral and indecent act to [C. F.], a child under 16 years of age, with intent to arouse and satisfy the sexual desires of said accused; said acts being that the accused touched the vagina of said child with his fingers and such act resulted in a physical injury, to-wit: said child contracted herpes.

OCGA § 16-6-4 (c) (aggravated child molestation is committed when such person "commits an offense of child molestation which act physically injures the child").

Inasmuch as the indictment did not specify the type of herpes C. F. contracted, and Zuniga concedes that the language in the indictment only required the State to prove that he transmitted herpes to C. F., it was unnecessary for the State to produce any evidence concerning which type of herpes C. F. contracted. Rapkin's testimony that she diagnosed C. F. with herpes of the genital area sufficed to prove the offense of aggravated child molestation. OCGA § 16-6-4 (c). Thus, we conclude that the trial court did not err in denying Zuniga's motion for directed verdict.

2. Zuniga argues that the evidence was circumstantial and failed to exclude all reasonable hypotheses save that of his guilt. Zuniga contends that because Martinez, C. F.'s father, was also present in the home two weeks prior to C. F. exhibiting symptoms of herpes, he

could not be found guilty of aggravated child molestation. We are not persuaded.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Where a jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except that of guilt, its findings will not be disturbed unless the verdict is insupportable as a matter of law. *Foster v. State*, 273 Ga. 34, 35 (1) (537 SE2d 659) (2000).

The evidence was in conflict regarding the dates that Martinez was present in the home. Ceron indicated that she told a police detective that her husband was in the home in March 2007 after returning from Arizona; however, she also testified that her husband worked out of state in Arizona for three months, from January until March 2007. Construing her testimony in the light most favorable to the verdict, the evidence establishes that Martinez was returning home from Arizona on April 12, 2007, the day that Ceron went to Scottish Rite to talk to law enforcement. Given Rapkin's testimony that herpes symptoms appear anywhere between two weeks to two months from exposure to the virus, the State presented sufficient evidence to exclude the hypothesis that Martinez was present in the home for at least three months prior to the onset of C. F.'s symptoms in late March 2007.

Further, the evidence showed that Zuniga had access and opportunity to infect C. F. at least two weeks prior to her exhibiting symptoms of painful urination and vaginal sores since he continuously resided in the home with her, and she would sometimes enter and remain in his room. Zuniga's refusal to be tested for herpes also presented circumstantial evidence of his guilt by concealment. In addition, C. F.'s immediate outcry to Rapkin was consistent with her statement to Dr. Levy, identifying Jose as someone who had inappropriately touched her vagina. "Concordance of name is some evidence of identity." (Footnote omitted.) *Pierce v. State*, 251 Ga. App. 600, 602 (1) (554 SE2d 787) (2001).

Rapkin also testified that herpes is a sexually transmitted disease that can spread by exchange of body fluids if a man infected with herpes touches his semen with his hand and then touches another person's genitals. C. F.'s statement to Rapkin that Jose touched her vagina with his hand was consistent with this method of transmission and Rapkin's diagnosis that C. F. had genital herpes. Although C. F.'s trial testimony was inconsistent with her previous statements to Rapkin and Dr. Levy, any conflicts in the victim's testimony were for the jury to resolve. *Hutchinson v. State*, 287 Ga. App. 415, 417 (651 SE2d 523) (2007); OCGA § 24-9-80. As such, we

conclude that the verdict was supported by the evidence and the jury could reasonably have found that the circumstantial evidence excluded every reasonable hypothesis except that of Zuniga's guilt. *Foster*, supra, 273 Ga. at 35 (1); OCGA § 24-4-6.

Based on the foregoing, we affirm the trial court's order denying Zuniga's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 17, 2009 —
RECONSIDERATION DENIED SEPTEMBER 9, 2009 

*Linda T. F. Day, Karlyn Skall*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.