## A10A2249. GIOIA v. THE STATE.
(704 SE2d 481)

JOHNSON, Judge.

After a jury trial, Phillip Gioia was convicted of two counts of child molestation and one count of aggravated child molestation. He appeals, raising challenges to the sufficiency of the evidence and the sentences imposed by the trial court. We affirm the convictions, but vacate the sentence for the aggravated child molestation conviction, and remand for resentencing as to that count.

1. Gioia claims that the trial court erred in denying his motion for a directed verdict of acquittal. The standard of review for such a denial is the same as that used for determining the sufficiency of the

---

evidence to support a conviction.[1] In making that determination,

> we view the evidence in the light most favorable to the verdict, and [the appellant] no longer enjoys the presumption of innocence. We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain that the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. Moreover, conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[2]

Viewed in favor of the verdict, the evidence in this case shows that Gioia was married to the mother of ten-year-old B. G. and eight-year-old L. G. In October 2006, B. G. gave a note to her mother indicating that Gioia had been molesting L. G. The mother contacted authorities, and during an interview with a child advocate, L. G. stated that Gioia had massaged her breasts and genitals with his hands, and had kissed her on her mouth and "private parts." At trial, L. G. testified that on several occasions Gioia had kissed her on the mouth, and had touched her with her pants pulled down in ways that she did not like.

B. G. was also interviewed by the child advocate, and told her that Gioia had kissed her with his tongue, had fondled her private area, and had pressed his genitals against hers. B. G. testified at trial that Gioia had kissed her in her private area and had also fondled her. She further testified that she had seen Gioia kissing L. G. on her private area with her pants pulled down.

Contrary to Gioia's claim, there was sufficient evidence from which a rational trier of fact could have found him guilty beyond a reasonable doubt of the crimes for which he was convicted.[3] Accordingly, the trial court did not err in denying his motion for a directed verdict of acquittal.

2. Gioia argues that the trial court erred in failing to merge an aggravated sodomy count of the indictment with the aggravated child molestation count prior to the start of the trial because they involved the same conduct. However, merger of counts does not occur prior to trial, but occurs after a verdict for sentencing purposes. Indeed, where the same conduct may establish the commission of

---

[1] *Zuniga v. State*, 300 Ga. App. 45, 47 (1) (684 SE2d 77) (2009).

[2] (Citations and punctuation omitted.) *Vaughn v. State*, 301 Ga. App. 391 (687 SE2d 651) (2009).

[3] See *Gable v. State*, 222 Ga. App. 768, 769-770 (1) (476 SE2d 66) (1996).

more than one crime, a criminal defendant may be prosecuted for each crime, although he may not be convicted of more than one crime if one is included in the other.[4] In this case, Gioia was acquitted of the aggravated sodomy count. Because the trial court did not enter a judgment of conviction and sentence on that count, "any issues concerning [it] are moot and will not be considered. [Cit.]"[5]

3. Gioia's contention that the trial court erred in failing to merge the two child molestation counts for sentencing is specious since those counts involved different victims. "The same conduct was not being punished twice, nor was one crime included in the others so as to bar the separate conviction and punishment for each act. [Cit.]"[6]

4. OCGA § 16-6-4 (d) (1) provides in pertinent part that "a person convicted of the offense of aggravated child molestation shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life[.]" Here, the trial court did not choose either of these sentencing options — life imprisonment or a split sentence of imprisonment followed by probation. Instead, the trial court improperly sentenced Gioia to serve 25 years to life in prison for the aggravated child molestation count. Accordingly, while the judgment of conviction as to the aggravated child molestation count is affirmed, the improper sentence as to that count is vacated, and the case is hereby remanded for imposition of a sentence consistent with the statute and this opinion.

*Judgment affirmed, sentence vacated in part, and case remanded with direction. Miller, C. J., and Phipps, P. J., concur.*

DECIDED DECEMBER 9, 2010.

*John W. Strickland, Jr.,* for appellant.
*Catherine H. Helms, District Attorney,* for appellee.

---

[4] *Drinkard v. Walker,* 281 Ga. 211, 212-213 (636 SE2d 530) (2006).

[5] *Funderburk v. State,* 276 Ga. 554, 555 (1) (580 SE2d 234) (2003).

[6] *Gable,* supra at 770 (3).