**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 9, 2025

# In the Court of Appeals of Georgia

A25A0329. MITCHELL v. THE STATE.

MCFADDEN, Presiding Judge.

Mikal Mitchell appeals from his conviction of aggravated sodomy against a child. He contends that the trial court erred in admitting evidence of his prior conviction for another sex offense against a minor; but such evidence was admissible under OCGA § 24-4-414. Mitchell also claims that his trial counsel was ineffective; but he has not shown that counsel's performance was both deficient and prejudicial. Mitchell further argues that he was denied his right to a speedy appeal; but he has failed to show actual prejudice from any delay. So we affirm the judgment of conviction.

1. *Facts and procedural posture*

Mitchell was indicted for committing one count of child molestation, one count of aggravated child molestation, and two counts of aggravated sodomy against his minor stepson. Mitchell pled not guilty to the charges and the case proceeded to a jury trial. At trial, which took place in 2014, the state presented evidence showing that Mitchell began sexually abusing his stepson in 1995, when the child was three years old, that the abuse continued for approximately five years, and that it included Mitchell inserting his penis into the child's anus.

The state presented evidence of Mitchell's sexual abuse of two other minor children. Mitchell's stepdaughter, the sister of the victim in the instant case, testified that Mitchell had molested her when she was about four years old, touching her inappropriately and inserting his penis into her mouth. The state also introduced evidence of Mitchell's conviction for sexual offenses committed against a 13-year-old friend of his stepdaughter approximately eight years after the abuse in the instant case. That victim testified that during a sleepover with Mitchell's stepdaughter, she was awakened by Mitchell, who touched her breasts, inserted his finger into her vagina, and inserted his penis into her mouth and vagina.

The jury found Mitchell guilty of all four counts. The trial court merged three of the counts (Counts 1, 2, and 4) into the aggravated sodomy charged in Count 3, imposed a life sentence, and ordered Mitchell to serve 25 years in confinement and the remainder on probation. Mitchell filed a timely motion for new trial. Almost nine years later, he filed an amended motion for new trial and a motion to vacate the sentence. The state opposed the motion for new trial, but did not oppose vacating the sentence because it did not comply with the applicable sentencing statute.

After a hearing, the trial court vacated the original life sentence on Count 3 and resentenced Mitchell. On resentencing, the court merged three of the counts (Counts 1, 3, and 4) into the aggravated sodomy offense charged in Count 2 and ordered Mitchell to serve 20 years on that count. The court denied Mitchell's motion for a new trial. This appeal followed.

2. *Prior conviction*

Mitchell contends that the trial court erred in admitting evidence of his prior conviction for molesting the minor friend of his stepdaughter. We disagree.

OCGA § 24-4-414 (a) provides: "In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission

of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." Under this code section, "an offense of child molestation" includes "any conduct or attempt . . . to engage in . . . [a]ny crime that involves contact between any part of the accused's body . . . and the genitals or anus of a child[,]" or "[a]ny crime that involves contact between the genitals . . . of the accused and any part of the body of a child[.]" OCGA § 24-4-414 (d) (2) & (3). In such child molestation cases, OCGA § 24-4-414 (a) "creates a rule of inclusion, with a strong presumption in favor of admissibility. Thus, the [s]tate can seek to admit evidence under this provision for any relevant purpose, including propensity." *Ramirez-Ortiz v. State*, 361 Ga. App. 577, 583-584 (4) (a) (865 SE2d 206) (2021) (citation and punctuation omitted).

Despite this rule of inclusion, Mitchell argues that the trial court should have excluded his prior conviction because the state had no need for the evidence, the victim in that case was a different sex and age than the victim in the instant case, and there was an eight-year gap between the incidents. Indeed, "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" OCGA § 24-4-403. See

4

*Green v. State*, 359 Ga. App. 845, 851 (3) (860 SE2d 140) (2021) (evidence that is admissible under OCGA § 24-4-414 may still be excluded if its probative value is substantially outweighed by the factors set forth in OCGA § 24-4-403). But "exclusion of otherwise probative and relevant evidence under OCGA § 24-4-403 is an extraordinary remedy which should be used only sparingly. Ultimately, a trial court's decision on whether to admit evidence under [OCGA § 24-4-414 (a)] will be overturned only where there is a clear abuse of discretion." *Ramirez-Ortiz*, supra at 584 (4) (a) (citation and punctuation omitted). The exercise of such discretion calls for the trial court's "common sense assessment of all the circumstances surrounding the previous offense, including prosecutorial need, overall similarity between the previous act and the charged offense, as well as temporal remoteness." Id. (citation and punctuation omitted).

With regard to prosecutorial need, the state was "required to show that [Mitchell's] actions were intentional. And, as the trial court concluded, the evidence also demonstrated motive, [opportunity, and propensity]. Accordingly, the trial court was authorized to find that the prosecutor's need increased the probative value of the [other] child molestation evidence." *Ramirez-Ortiz*, supra at 585 (4) (a) (i) (citation

and punctuation omitted). See also *Dixon v. State*, 341 Ga. App. 255, 262 (1) (b) (800 SE2d 11) (2017) ("the [s]tate's need for the evidence was great based upon [the] attacks on the victim's credibility, the lack of any physical evidence, and the victim's delayed outcry").

While the victims were different ages and sexes, they were both minor children, and "this [c]ourt [has] recognized . . . that the sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts or other conduct perpetrated upon them, is of sufficient similarity to make the evidence admissible. This is because sex crimes against children require a unique bent of mind." *Dixon*, supra at 262 (1) (b) (citation and punctuation omitted). And "the passing of [eight] years between [the incidents] does not mandate the conclusion that the trial court abused its discretion [under] OCGA [§§] 24-4-403 [and 414], particularly where [Mitchell's] access to the children was based upon [his parental] relationship [with the victim in this case and with his stepdaughter whose friend he also molested]." *Dixon*, supra (involving passage of seven to thirteen years between incidents). See also *Ramirez-Ortiz*, supra at 586 (1) (a) (iii) (molestation of another victim properly admitted despite 17-year gap between incidents).

Finally, we note that the trial court gave limiting jury instructions, both when the evidence was introduced and during the final jury charge. Such instructions mitigated "the risk of undue prejudice, reminding the jury 'to keep in mind the limited use and the prohibited use of this evidence about the other acts of the defendant.' Under these circumstances, we discern no abuse of the trial court's discretion in admitting the evidence of [Mitchell's conviction for] sexual misconduct against a minor victim." *Eubanks v. State*, 332 Ga. App. 568, 570 (1) (774 SE2d 146) (2015).

3. *Ineffective assistance of counsel*

Mitchell claims that his trial counsel was ineffective. To succeed on such a claim, Mitchell "must show both that his counsel's performance was deficient and that such deficiency prejudiced his defense. . . . And if [he] fails to make a sufficient showing on either the deficiency or the prejudice prong, we need not address the other prong." *Huber v. State*, 319 Ga.78, 84 (2) (901 SE2d 149) (2024). Mitchell has failed to show that his trial counsel's performance was both deficient and prejudicial.

(a) *Original sentence*

Mitchell contends that his counsel was ineffective in failing to object to the sentence originally imposed by the trial court as not complying with the applicable statute at the time. But as noted above, and as Mitchell concedes in his brief, the trial court later corrected any error in the original sentence by vacating it and resentencing Mitchell under the correct statute. Mitchell does not argue or attempt to show that the resentencing was improper or that there is a reasonable probability that the new sentence, which was shorter than the original, would have been less but for trial counsel's alleged deficiency. So Mitchell has failed to establish prejudice. See *Hillman v. Johnson*, 297 Ga. 609, 615 (2) (b) (774 SE2d 615) (2015) (ineffective assistance during sentencing is prejudicial when it results in additional jail time); *Smith v. Francis*, 253 Ga. 782, 783-784 (1) (325 SE2d 362) (1985) (prejudice occurs at sentencing when there is a reasonable probability that, but for counsel's deficient performance, defendant would have received a different sentence). "Because [Mitchell] has not satisfied his burden of demonstrating that he was prejudiced by counsel's performance at sentencing, this claim of ineffective assistance must fail." *Davis v. State*, 286 Ga. 74, 78 (4) (686 SE2d 249) (2009).

(b) *Count 3*

Mitchell argues that counsel should have filed a demurrer to Count 3 of the indictment. But as explained above, Mitchell was not convicted of Count 3 since it was merged into Count 2, which was the only count upon which the trial judge entered a judgment of conviction and sentence. On resentencing, "[t]he trial court merged [Count 3, as well as Counts 1 and 4,] into [Count 2, which charged] aggravated [sodomy]. Because the trial court did not enter a judgment of conviction and sentence on . . . [Count 3], any issues concerning it are moot and will not be considered." *Brailsford v. State*, 366 Ga. App. 331 n. 1 (882 SE2d 648) (2023) (citation and punctuation omitted). See also *Funderburk v. State*, 276 Ga. 554, 555 (1) (580 SE2d 234) (2003); *Gioia v. State*, 307 Ga. App. 319, 321 (2) (704 SE2d 481) (2010); *Davidson v. State*, 237 Ga. App. 580, 582 (3) (516 SE2d 90) (1999). Because Mitchell was not convicted and sentenced on Count 3, he cannot show prejudice.

(c) *Failure to investigate*

Mitchell claims that counsel was ineffective in failing to investigate whether the victim was abused by any other men with whom his mother had a relationship. Mitchell has not supported this claim with citation of legal authority or any meaningful argument. See Court of Appeals Rule 25 (d) (1) ("enumeration of error that is not

supported in the brief by citation of authority or argument may be deemed abandoned"). Moreover, "[w]hen alleging ineffective assistance predicated on a failure to investigate, a defendant must make a proffer as to what a thorough investigation would have uncovered or what the essential witnesses would have said." *Drews v. State*, 303 Ga. 441, 447 (2) n. 14 (810 SE2d 502) (2018) (citation and punctuation omitted). Mitchell has made no such proffer, so this "claim of ineffective assistance cannot be sustained." Id. at 447 (2).

(d) *Cross-examination*

Mitchell enumerates that counsel was ineffective in failing to cross-examine the victim about a purported prior inconsistent statement that he could not remember Mitchell performing inappropriate actions when they lived in North Carolina. But Mitchell has failed to identify evidence of this alleged prior statement in the record, citing only to "Index, p. 332." The index of the record is not evidence, while page 332 of the record is the first page of his amended motion for new trial, which also is not evidence. Moreover, that page of the record does not reference this issue, let alone identify any purported prior inconsistent statement. See Court of Appeals Rule 25 (a) (5) (appellant's brief must include appropriate citations to the record); Court of

Appeals Rule 25 (d) (1) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration."). Mitchell has also failed to support this claim with citation of any legal authority or meaningful argument. See Court of Appeals Rule 25 (d) (1); *In re Estate of Burkhalter*, 354 Ga. App. 231, 237 (2) (a) n. 32 (840 SE2d 614) (2020) (mere conclusory statements do not constitute meaningful argument and cogent legal analysis requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts).

> It is not this [c]ourt's job to cull the record on behalf of an appellant to find alleged errors. Because [Mitchell] has not specifically identified the [purported prior inconsistent statement], has not included any meaningful legal analysis, and simply makes [conclusory] assertions of error and cites to one [irrelevant and non-evidentiary page of the record], he is not entitled to a review of this claim.

*Pierce v. State*, 319 Ga. 846, 855 (4) (907 SE2d 281) (2024) (citations and punctuation omitted).

Furthermore, although it is not our role to cull the record and formulate arguments on behalf of a party, we note that our review of the record reveals a recording on which the victim was asked if he could remember a specific incident in a particular North Carolina house, and he replied that "things went on in that house,"

11

but he could not remember a specific incident in the house. If this is the uncited statement to which Mitchell is referring, he has failed to show that at trial the victim gave contradictory testimony that he remembered a specific incident in that house or, for that matter, elsewhere in North Carolina. See *Hurt v. State*, 298 Ga. 51, 55 (3) (a) (779 SE2d 313) (2015) ("the prior statement must contradict or be inconsistent with the witness's in-court testimony") (citation and punctuation omitted); *Hightower v. State*, 227 Ga. App. 74, 77 (a) (487 SE2d 646) (1997) ("[p]roof of a different but not inconsistent statement would not suffice") (citation and punctuation omitted). This enumeration provides no basis for reversal.

4. *Speedy appeal*

Mitchell claims that the nearly nine-year delay between his trial and the filing of his amended motion for new trial violated his right to a speedy appeal. It appears that during the delay, Mitchell was represented by several different appointed attorneys, including his current appellate counsel who ultimately filed the amended motion more than four years after he took over the case. Mitchell asserts that the delay was caused by the unavailability of the transcript due to a lack of court reporters, but

he cites no evidence in support of this assertion. Regardless, Mitchell has failed to make the required showing of actual prejudice to sustain his speedy appeal claim.

"[S]peedy appeal claims are assessed by balancing the same four factors applicable to speedy trial claims as articulated in *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972)." *Hyden v. State*, 308 Ga. 218, 223 (3) (839 SE2d 506) (2020). Those factors include "the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. However, in a speedy appeal claim, unlike a speedy trial claim, the failure to show actual prejudice from the delay is fatal to the claim, even when the other three factors weigh in the appellant's favor." *Harper v. State*, 318 Ga. 185, 188 (1) (897 SE2d 818) (2024) (citation and punctuation omitted). In the speedy appeal context, prejudice "is not presumed but must be shown." *Hyden*, supra at 225 (3) (d) (citation and punctuation omitted). "[A]ppellate delay is prejudicial when there is a reasonable probability that, but for the delay, the result of the appeal would have been different." *Harper*, supra at 191 (1) (citation and punctuation omitted).

Mitchell claims that he has been prejudiced by the deaths of his trial counsel, the victim, and the victim's mother. With regard to trial counsel, Mitchell argues that

13

he was prejudiced because he could not call counsel to testify at the motion for new trial hearing. We note that Mitchell did not raise an ineffective assistance claim in his original motion for new trial and did not file an amended motion raising it prior to counsel's death some five years later; "[r]ather, [he] waited until . . . after his trial counsel's death, in order to file an amended motion for new trial raising the claim." *Hardeman v. State*, 357 Ga. App. 649, 655 (2) (849 SE2d 229) (2020). See also *Mattox v. State*, 308 Ga. 302, 305 (3) (840 SE2d 373) (2020) (no showing of prejudice where defendant did not make ineffectiveness claim in original motion for new trial and instead waited until after counsel had died to assert such a claim). And as discussed above, Mitchell "has not raised a meritorious claim of ineffective assistance on appeal and he has not shown how his trial counsel's testimony at the motion for new trial hearing would have resulted in a different result on appeal." *Hardeman*, supra. Since there is "no merit to the [ineffectiveness claim] raised herein, [Mitchell] cannot show prejudice." *Hyden*, supra at 226 (3) (d) (citation and punctuation omitted). See also *Loadholt v. State*, 286 Ga. 402, 406 (4) (687 SE2d 824) (2010) (where the claims raised on appeal are without merit, there can be no prejudice in delaying a meritless appeal).

14

As for the victim and the victim's mother, Mitchell "does not explain . . . how the availability of those witnesses would have been relevant to his motion for new trial or appeal. And in any event, generalized speculation about the delay's effect on witness [availability] and evidence is not the kind of specific evidence required to show prejudice in the appellate-delay context." *Veal v. State*, 301 Ga. 161, 168 (3) (800 SE2d 325) (2017) (citation and punctuation omitted), overruled in part on other grounds in *Johnson v. State*, 315 Ga. 876, 889 (3) n.11 (885 SE2d 725) (2023). "It is well settled that a bare assertion that a delayed appeal result[ed] in loss of . . . evidence, witnesses [or] testimony . . . , without specific evidence showing that the delay has prejudiced an appeal, is insufficient to show the requisite prejudice to demonstrate a violation of due process." *Reed v. State*, 314 Ga. 534, 538 (2) (878 SE2d 217) (2022) (punctuation omitted). Because Mitchell has not shown actual prejudice from the delay, the trial court did not err in denying his speedy appeal claim.

5. *Cumulative error*

Mitchell makes a conclusory claim of cumulative error, but he "has failed to establish that the combined prejudicial effect of [the alleged] errors requires a new trial." *Park v. State*, 314 Ga. 733, 745 (4) (879 SE2d 400) (2022). See also *Beard v.*

*State*, 317 Ga. 842, 852 (5) (896 SE2d 497) (2023) (defendant must show that multiple errors so infected the jury's deliberation that he was denied a fundamentally fair trial).

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*