## A11A0024. MASK v. THE STATE.
### (711 SE2d 348)

BARNES, Presiding Judge.

Following a bifurcated jury trial at which he was acquitted of possession of methamphetamine, William Kirk Mask was found guilty of possession of a firearm by a convicted felon. Mask filed a motion for new trial, then later moved to withdraw the motion, which the trial court granted. He now appeals his conviction, contending that the trial court erred in instructing the jury on possession, and that the evidence was insufficient to sustain his conviction. Following our review, we affirm.

---

Viewed in the light most favorable to the jury's verdict, the evidence shows that officers with the Floyd County Metro Task Force executed a search warrant at Mask's residence. Officers located Mask in a barn located on the property standing near an automobile. They searched the automobile and retrieved glass smoking devices containing methamphetamine residue. Police also retrieved scales, plastic baggies, and glass tubes from Mask's bedroom. They located a .22 caliber rifle in a case under a bed in the same bedroom. Mask was arrested and charged with possession of methamphetamine, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.

Before trial, the State nolle prossed the charge of possession of a firearm during the commission of a crime. Mask was found not guilty of possession of methamphetamine, after which the jury heard evidence related to the possession of a firearm by a convicted felon. The State introduced a certified copy of Mask's conviction for burglary. The jury found Mask guilty, and he was later sentenced as a three-time recidivist under OCGA § 17-10-7 (c) to five years to serve.

1. Mask first contends that the trial court erred in instructing the jury regarding possession of a firearm by a convicted felon. We do not agree.

The trial court charged the jury that "any person who has been convicted of a felony who receives, possesses, or transports any firearm commits the offense of possession of a firearm by a convicted felon." Mask asserts that the instruction was erroneous and harmful as a matter of law because the indictment charged him with "possessing a firearm after having been convicted of a felony," while the instruction as given permitted the jury to consider two other methods not charged in the indictment — specifically, receiving or transporting a firearm.

Here, the indictment charged Mask with

> possession of [a] firearm by [a] convicted felon (OCGA § 16-11-131) for . . . unlawfully then and there, having been convicted on the 14th day of March, 1990, by a court of competent jurisdiction of the offense of burglary, a felony, under the laws of this State, [did] receive, possess and transport a firearm, to wit: a .22 caliber rifle.

It mimicked the language of the statute which provides that "[a]ny person who . . . has been convicted of a felony by a court of this state or any other state . . . and who receives, possesses, or transports any firearm" commits the offense of possession of a firearm by a convicted felon. OCGA § 16-11-131 (b). Thus, although the indict-

ment charged Mask with possession of a firearm, it did not, as Mask alleges, specify that he did so by actually having the firearm in his possession. To enable the jury to consider whether Mask "possessed" the firearm within the meaning of the statute, the trial court correctly instructed them on the definitions of the various forms of possession, distinguishing between actual and constructive possession. It further instructed the jury that constructive possession requires that a person knowingly have "both the power and the intention at a given time to exercise authority or control over a thing." Considering the challenged instruction in the context of the trial court's charge as a whole, we find no error. *Hilton v. State*, 288 Ga. 201, 206 (4) (b) (702 SE2d 188) (2010) ("[J]ury charges are not to be evaluated in isolation, but rather must be considered as a whole.").

2. Mask contends there was no direct evidence linking him to the gun in the bedroom, and that he was not present in the home when the gun was discovered. Mask's girlfriend testified that when she took the gun and rat ammunition to Mask's house three days before he was arrested, he told her to get the gun out of the house, but that she had put it under the bed without his knowledge. Mask's stepfather testified that he witnessed the conversation.

This Court gives due regard to the jury's opportunity to judge witness credibility, and we do not weigh the evidence or determine witness credibility. *Sheppard v. State*, 300 Ga. App. 631 (686 SE2d 295) (2009). "It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence." (Citation omitted.) *Thompson v. State*, 281 Ga. App. 627, 629 (1) (636 SE2d 779) (2006). As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict. *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

> The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.

(Citations and punctuation omitted.) *Ancrum v. State*, 197 Ga. App. 819, 822 (2) (399 SE2d 574) (1990). Constructive possession is sufficient to show violation of the statute, and it may be proved by circumstantial evidence. See *Moses v. State*, 265 Ga. App. 203, 213 (6) (c) (593 SE2d 372) (2004); *Slater v. State*, 209 Ga. App. 723, 724 (1)

(434 SE2d 547) (1993).

It is immaterial that the gun was found in the bedroom that Mask shared with his girlfriend and that Mask was not present when the gun was found. The gun was found in Mask's residence. See *Wright v. State*, 279 Ga. App. 299, 299 (1) (630 SE2d 774) (2006) ("As long as there is slight evidence of access, power, and intention to exercise control or dominion over an instrumentality, the question of fact regarding constructive possession remains within the domain of the trier of fact."). Here, although Mask's girlfriend testified that he had no knowledge of the gun, and that it was her gun and that Mask had asked her to remove it from the house, Mask initially told police that "we use" the guns to shoot rats. Further, the gun was found under the bed in Mask's bedroom, and there was rat ammunition in the room as well. See *Simpson v. State*, 213 Ga. App. 143, 144-145 (1) (444 SE2d 115) (1994) (circumstantial evidence held sufficient to show that defendant, a convicted felon, was in joint constructive possession of a shotgun with his brother).

We find the evidence sufficient to authorize any rational trier of fact to find Mask guilty beyond a reasonable doubt of possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 3, 2011.

*Jonathon J. Majeske*, for appellant.

*Leigh E. Patterson, District Attorney, John F. McClellan, Jr., Assistant District Attorney*, for appellee.