**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 19, 2019**

# In the Court of Appeals of Georgia

A19A0700. JONES v. THE STATE.

MARKLE, Judge.

Brandon Jones appeals from the denial of his motion for new trial, as amended, after a jury convicted him of possession of methamphetamine (OCGA § 16-13-30) and possession of a firearm by a convicted felon (OCGA § 16-11-131).[1] On appeal, Jones argues that (1) the evidence was insufficient to convict him of being a felon in possession of a firearm; (2) the trial court erred in admitting his confession without determining whether it was given voluntarily; and (3) he received ineffective assistance of counsel based on a conflict of interest. After a thorough review of the

---

[1] Jones was also charged with theft by receiving a firearm, but was acquitted of that charge. In addition, he faced revocation of his probation following the instant convictions.

record, and for the reasons that follow, we reverse the denial of the motion for new trial and remand the case for a new trial.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that, in September 2012, Frank Taylor stole a .22 caliber pistol from someone's home. While investigating the theft a few days later, police obtained a description of the person who had purchased the gun and the suspect's vehicle. An investigator with the City of Oakwood police department went to a Super 8 motel in Gainesville, Georgia, where he observed the vehicle and Jones, the suspected purchaser. The investigator spoke with Jones outside the motel, and Jones quickly admitted that he purchased the gun from Taylor for $50. Jones told the investigator that the gun was hidden behind the refrigerator in his motel room. Jones gave police permission to enter the room and retrieve the gun, and police located the gun behind the refrigerator. A corporal with the Gainesville police department assisted the investigator and conducted a pat-down search of Jones, during which he located a plastic baggie with a substance later determined to be 1.45 grams of methamphetamine.

Jones's girlfriend testified that she and Jones often stayed in hotels around that time. She explained that she had rented the room at the Super 8 motel, but Taylor had

2

paid for it. However, she confirmed that Taylor did not stay in the room with them.

Jones testified in his own defense, denying that he told the investigator that he bought the gun from Taylor, and stating that the investigator promised him he would not go to jail.[2] According to Jones, all of Taylor's belongings were in the room and Taylor had placed the gun behind the refrigerator. Taylor did not testify at trial.

The jury convicted Jones of the drug and possession of a firearm charges. Thereafter, Jones filed a motion for new trial, as amended, arguing, as is relevant to this appeal, that the evidence was insufficient to show that he possessed the firearm; that his statement to police was inadmissible because it was made upon a hope of benefit; and that he received ineffective assistance of counsel because his trial attorney failed to inquire into the voluntariness of his statement, failed to object to testimony regarding what Taylor told the investigator, and had an actual conflict of interest because he had previously represented Taylor.

At a hearing on the motion, trial counsel admitted that he had not filed a motion to suppress Jones's statements to police, or asked the trial court to inquire into the

---

[2] The trial court initially bifurcated the trial and planned to try the felon in possession charge after the jury considered the drug and theft charges, so that the jury would not be told that Jones was a convicted felon. Once Jones testified, however, and the jury heard about his prior conviction, the trial court sent all charges to the jury at the same time.

voluntariness of those statements. He further acknowledged that he represented Taylor on the charges arising from the theft of the gun, but that he did not seek a mistrial based on the conflict of interest in Jones's case. Both trial counsel and the prosecutor explained that they had since listened to Taylor's post-arrest interview with the investigator. They stipulated that the investigator told Taylor he was not looking to arrest anyone and that he just wanted to retrieve the gun. Importantly, they also stipulated that there was no mention in Taylor's statement to police that Jones purchased the gun from him or the purchase price of the gun.

The trial court denied the motion for new trial, finding that Jones's admission to the investigator that he purchased the gun was sufficient evidence of his possession of it; that Jones failed to show that his statement to police was involuntary such that the trial court would have suppressed the statement; and that Jones had not shown an actual conflict of interest on the part of his trial counsel. Additionally, although the trial court found that Taylor's statements to police should not have been admitted because they were hearsay and violated the Confrontation Clause, it concluded that the admission of this evidence was harmless. This appeal followed.

1. In his first enumeration of error, Jones argues that the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon

because there was no evidence of actual or constructive possession, and his alleged confession was not corroborated, as required under OCGA § 24-8-823.[3] We disagree.

> When evaluating the sufficiency of evidence, the proper standard of review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. Moreover, a reviewing court must consider all of the evidence admitted by the trial court, regardless of whether that evidence was admitted erroneously.

(Citations and punctuation omitted.) *Cunningham v. State*, 304 Ga. 789, 791-792 (1) (822 SE2d 281) (2018).

Under OCGA § 16-11-131 (b), it is unlawful for anyone who has a prior conviction for a felony to possess a firearm, absent express permissions that are not relevant here. Jones challenges only whether the evidence showed that he possessed the gun.

> The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person

---

[3] We note that the trial occurred in 2014, and therefore, the new Evidence Code applies. *Olds v. State*, 299 Ga. 65, 69 (2), n.5 (786 SE2d 633) (2016).

5

who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.

(Citation omitted.) *Mask v. State*, 309 Ga. App. 761, 763 (2) (711 SE2d 348) (2011). Here, it is undisputed that Jones was not in actual possession of the gun. Therefore, we consider whether the evidence was sufficient to establish his constructive possession.

A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction. Constructive possession . . . may be proved by circumstantial evidence.

(Citations omitted.) *Mantooth v. State*, 335 Ga. App. 734, 735 (1) (a) (783 SE2d 133) (2016). Moreover, "[a]s long as there is slight evidence of access, power, and intention to exercise control or dominion over the contraband, the question of fact regarding constructive possession remains within the domain of the trier of fact." (Citation omitted.) Id. at 736 (1) (a).

Viewing the evidence in the light most favorable to the jury's verdict, and deferring to the jury's evaluation of the evidence and credibility of the witnesses, we

6

conclude that the evidence was sufficient to establish Jones's constructive possession of the gun. Jones's girlfriend testified that she and Jones were staying in the room; Jones admitted that he purchased the gun from Taylor; Jones knew where the gun was hidden; and both he and his girlfriend gave the police permission to enter the motel room and retrieve it. Based on this evidence, Jones was not merely present at the hotel room; he had access to the gun and had exercised control over it. This evidence enabled the jury to conclude that Jones constructively possessed the gun. See, e.g., *Conyers v. State*, 302 Ga. App. 95, 97 (1) (690 SE2d 233) (2010) (sufficient evidence of possession where defendant rented motel room, knew drugs were in the room, and invited officer into the room). Moreover, Jones testified in his own defense, and the jury was free to disbelieve his testimony in which he denied purchasing the gun from Taylor. *Martinez v. State*, 278 Ga. App. 500-501 (629 SE2d 485) (2006); see also *Daughtie v. State*, 297 Ga. 261, 263–264 (2) (773 SE2d 263) (2015) (explaining that "a statement by a defendant, if disbelieved by the jury may be considered as substantive evidence of the defendant's guilt . . . at least where some corroborative evidence exists for the charged offense[.]") (citation and emphasis omitted).

Jones argues that there was no corroboration for his confession, as required by OCGA § 24-8-823,[4] and thus the State failed to prove his possession. Our Supreme Court has explained, however, that "no specific manner of corroboration of the confession is required, and corroboration in any particular is sufficient." (Citation and punctuation omitted.) *Muckle v. State*, 302 Ga. 675, 679 (1) (b) (808 SE2d 713) (2017). Pretermitting whether Jones's statement to the investigator was a confession requiring corroboration, rather than an admission, see *McMullen v. State*, 300 Ga. 173, 174 (1) (794 SE2d 118) (2016), there was evidence to corroborate Jones's statement that he had purchased the gun. Jones knew where the gun was hidden, and his girlfriend testified that only she and Jones were staying in the room. Jones gave police permission to enter the room, indicating an intent to exert control over the room and its contents. Accordingly, there was sufficient evidence from which the jury could conclude that Jones was in possession of the firearm.

2. Jones next argues that his confession was inadmissible because the investigator promised that Jones would not be arrested. He also contends that the trial

---

[4] That statute provides: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction."

8

court erred when it failed to inquire into the voluntariness of the confession before allowing the jury to hear it. We discern no error.

OCGA § 24-8-824 provides: "To make a confession admissible, it shall have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."

At the hearing on the motion for new trial, counsel admitted that he did not move to suppress Jones's statement on the ground that it was involuntary because it was made on the hope of benefit. "It is well settled that where there is no challenge to the voluntariness of a statement the court is under no duty to sua sponte call for a separate hearing." (Citation omitted.) *Wilson v. State*, 254 Ga. 679, 681 (2) (333 SE2d 589) (1985); see also *Dukes v. State*, 264 Ga. App. 820, 821 (1) (592 SE2d 473) (2003). Because Jones did not raise the issue during trial, there was no error in the trial court's failure to inquire into the voluntariness of his statement.

3. Finally, Jones argues that he received ineffective assistance of counsel based on counsel's prior representation of Taylor, which created an actual conflict of interest and affected counsel's representation of Jones. He further claims that counsel was ineffective because he failed to object to the admissibility of Jones's statement to police, or to the investigator's testimony regarding Taylor's statement to police,

9

which violated the Confrontation Clause. He contends that the admission of both of these statements harmed his case because they were the only link showing possession of the gun. We conclude that Jones has met his burden with respect to the admission of the investigator's testimony about Taylor's statement; therefore, we need not reach Jones's other allegations of ineffective assistance of counsel.

> To succeed on a claim that counsel was constitutionally ineffective, [Jones] must show both that his attorney's performance was deficient, and that he was prejudiced as a result. Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong of the . . . test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. And although both the performance and prejudice components of an ineffectiveness inquiry involve mixed questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous.

(Citation and punctuation omitted.) *Green v. State*, 302 Ga. 816, 817-818 (2) (809 SE2d 738) (2018).

(a) Confrontation Clause issues regarding Taylor's statements

Jones argues that counsel was ineffective because he failed to object to the investigator's testimony about Taylor's statements on the ground that this testimony violated the Confrontation Clause.[5] We agree.

During direct examination, the investigator testified that he was investigating a burglary in which a firearm was stolen when he uncovered information that led him to the Super 8 motel and to a suspect that had supposedly purchased the gun. Although counsel objected on hearsay grounds, the trial court did not rule on the objection.

On cross-examination, trial counsel questioned the investigator's failure to include Jones's confession in his report. After counsel asked the investigator where

---

[5] Jones has abandoned any claim of error on hearsay grounds by not arguing it in his brief. *Gregory v. State*, 342 Ga. App. 411, 415 (1) (b) (803 SE2d 367) (2017). Moreover, "[t]here is a distinct difference between a challenge to the admission of evidence based upon the Confrontation Clause and that based upon an exception to the hearsay rule, and appellant's failure to raise an objection at trial on hearsay grounds precludes our consideration of his hearsay objection." (Citation and punctuation omitted.) *Johnson v. State*, 294 Ga. 86, 88 (2) (750 SE2d 347) (2013).

in the report it mentioned how much Jones said he paid for the gun, the investigator responded: "The paragraph above that where Mr. Taylor told me

Mr. Jones – that he sold the gun – ." Counsel quickly directed the investigator to respond based on what Jones had admitted. However, the investigator answered the next question by stating: "When I talked to him, I talked to him about the $50 that had been talked about by Mr. Taylor, and he confirmed that he had made that purchase." When the police officer who assisted the investigator subsequently testified, he stated: "[the investigator] explained to me that he was – had gotten the lead that – . . . That the weapon that was taken in his burglary was at the Super 8 motel, that it had been sold to Mr. Jones, and he was staying at the hotel."

After Jones testified, the State recalled the investigator as a rebuttal witness. The prosecutor asked the investigator if he had interviewed Taylor, and if "during that interview, . . . you obtained the information from him about the defendant's purchase of the firearm?" The investigator replied that he had. The investigator then explained that he told Jones, "I had information that indicated he had purchased a weapon from Mr. Taylor . . . ." Finally, the investigator testified that he did not conduct a fingerprint check on the gun "[b]ecause I had Mr. Taylor advise he sold the gun to Jones [and] Mr. Jones admitted that he had done so." Taylor did not testify at trial.

12

At the motion for new trial hearing, counsel acknowledged that the statements were likely inadmissible, and that he should have objected. The trial court found that any error in admitting this testimony in violation of the Confrontation Clause was harmless, and thus could not be the basis for an ineffective assistance claim.

A defendant has a right under the Confrontation Clause "to be confronted with the witnesses against him." U.S. Const. amend. VI; see also Ga. Const. of 1983, Art. 1, Sec. 1, Par. XIV. "The [C]onfrontation [C]lause imposes an absolute bar to admitting out-of-court statements in evidence when they are testimonial in nature, and when the defendant does not have an opportunity to cross-examine the declarant." *Jackson v. State*, 291 Ga. 22, 24 (2) (727 SE2d 106) (2012); see also *Crawford v. Washington*, 541 U. S. 36, 42 (II) (124 SCt 1354, 158 LE2d 177) (2004). "A statement is testimonial if its primary purpose was to establish evidence that could be used in a future prosecution." (Citation omitted). *McClendon v. State*, 299 Ga. 611, 617 (4) (b), n. 4 (791 SE2d 69) (2016). However, an alleged error involving evidence admitted in violation of the Confrontation Clause is subject to harmless error review. *Dawson v. State*, 300 Ga. 332, 335 (3) (794 SE2d 132) (2016).

Here, the investigator's testimony that Taylor said Jones purchased the gun was testimonial, as Taylor made the statement to police during the investigation into the

13

robbery. Thus, an objection to this testimony had merit, and counsel's performance, by failing to object, was deficient. See *Ardis v. State*, 290 Ga. 58, 63 (2) (b) (718 SE2d 526) (2011) (failure to make objection to testimony that violated the Confrontation Clause was deficient performance); *Cabrera v. State*, 303 Ga. App. 646, 652 (2) (694 SE2d 720) (2010) (counsel's performance was deficient because, although counsel stated her failure to object to testimony that violated the Confrontation Clause was strategic, counsel's decision was unreasonable based on well-settled law that such testimony would be inadmissible).

We turn to whether Jones can show prejudice from counsel's performance, and conclude that he can satisfy his burden in this case. The admission of Taylor's statement bolstered the investigator's testimony that Jones had purchased the gun from Taylor.[6] As the crux of the evidence focused on the credibility of the investigator, who testified that Jones admitted buying the gun from Taylor, as compared to Jones's testimony denying that he purchased the gun or made such a statement to the investigator, we must conclude that the admission of the evidence was prejudicial. See *Freeman v. State*, 329 Ga. App. 429, 433-438 (2) (765 SE2d

---

[6] The harm is more obvious given that the parties later stipulated that Taylor had not told the investigator that Jones purchased the gun.

14

631) (2014) (reversing drug convictions due to the admission of evidence that violated the Confrontation Clause where that evidence was used to establish the defendant's involvement with drugs); see also *Mowoe v. State*, 328 Ga. App. 536, 541 (2) (759 SE2d 663) (2014) (defendant established prejudice for ineffective assistance claim where evidence was not overwhelming and required the jury to make a credibility determination between the defendant's testimony and the victim's testimony); *Cabrera*, 303 Ga. App. at 653 (2) (defendant established prejudice for ineffective assistance claim where counsel failed to object to improper testimony that refuted the defense theory). Compare *Ardis*, 290 Ga. at 63 (2) (b) (defendant could not show prejudice in counsel's failure to object to testimony because said testimony was cumulative of other evidence and the evidence against the defendant was overwhelming).

Moreover, the fact that this improper testimony arose in rebuttal does not alter the analysis because there was no waiver of Jones's confrontation rights. See *Freeman*, 329 Ga. App. at 436-437 (2). Finally, we cannot say the improper testimony was cumulative of other evidence, or that the other evidence was so overwhelming as to render the error harmless. The investigator's statement was the critical link between Jones and the weapon, and his credibility – as well as that of Jones – was an

issue for the jury. Where, as here, the improper testimony served to bolster the investigator's credibility and testimony, we must conclude that the evidence was prejudicial. See id. at 438 (2).

(b) Conflict of interest and Jones's confession

In light of our conclusion in Division 3 (a), that Jones is entitled to a new trial, we need not address his other claims of ineffective assistance of counsel. *Mowoe*, 328 Ga. App. 541 (2) (b).

Accordingly, for the foregoing reasons, we must reverse Jones's conviction for possession of a firearm by a convicted felon.[7] Having determined in Division 1 that the evidence was sufficient to support a conviction, Jones may be retried on this charge.

*Judgment reversed and case remanded. Doyle, P. J., and Coomer, J., concur.*

---

[7] Having determined that there was error requiring reversal, we need not address Jones's claim that there was cumulative error.

16